WILLIAM K. JONES AND OTHERS' APPEAL FROM PROBATE.

The general rule with regard to legacies to a class of persons is, that those only who are embraced in the class at the time the legacy takes effect will be allowed to take.

But where a legacy of that kind takes effect in point of right at one time and in point of enjoyment at another, the general rule is that all those will take who are embraced in the class at the time the legacy takes effect in point of enjoyment.

A testator gave certain property to his son for life and after his death to his children equally. When the testator died the son had a wife fifty-nine years of age and three adult children, but the wife afterwards died and the son married again, and had two more children, who were living at his death. Held that these children were entitled to share equally with the others in the property given by the will.

APPEAL from a probate decree ordering a distribution of a portion of the estate of James M. Goodwin, deceased; brought to the Superior Court in Hartford County. The following facts were found by the court:—

James M. Goodwin, the testator, died in the city of Hartford, on the 30th day of March, 1870, leaving a considerable estate. By his will, which was executed on the 2d day of February, 1870, he provided that, after the payment of certain legacies, the residue of his estate should be divided into fifty equal parts, twenty of which he bequeathed as follows:

"*Sixth.* I give and bequeath the use, income, interest and improvement of twenty of the above named fifty equal parts to my beloved son James M. Goodwin, Jr., for and during

the term of his natural life, and at his decease I direct the same to be divided equally among his children."

At the time of the death of the testator his son James M. Goodwin, Jr., was living, aged sixty years, and his wife, Charlotte Goodwin, was also living, aged fifty-nine years; and he had only three children living, each of whom was then married and more than twenty-one years of age, namely, Julia A. Jones, the wife of William K. Jones, Roxie E. Walker, the wife of M. W. Walker, and Addie J. Henry, the wife of E. C. Henry.

Of these children Julia resided with the testator up to 1856, when her education was completed, and she and her sisters, Roxie and Addie, frequently visited him up to a very short time prior to his decease, and he was very much attached to all of them.

Subsequent to the death of the testator the said Charlotte Goodwin died, and James M. Goodwin, Jr., afterwards married Eugenia H., his surviving wife. From this marriage there were born two children, namely, Virginia Goodwin and Beatrice Goodwin, who are now living, and are infants of tender years.

James M. Goodwin, Jr., has since died, leaving surviving him his widow, Eugenia H. Goodwin, the three adult children above mentioned by his first wife, and the two infant children above mentioned by his second wife, all of whom now survive.

Upon these facts the case was reserved for the advice of this court.

*R. H. Jones, Jr.*, and *W. R. McKenney*, of Virginia, with whom were *E. Johnson* and *S. O. Prentice*, for the appellants.

The question presented for the consideration of the court is whether, under the sixth clause of the will of James M. Goodwin, Sr., the twenty parts therein mentioned are to be divided into three parts, one of them to go to each of the three adult children by the first marriage, or whether they are to be divided into five parts, one of them to go to each

of the three adult children, and one to each of the two infant children by the second marriage.

1. The first question to be determined in the consideration of this case is, what was the intention of the testator? for it will not be denied that in the construction of wills the main purpose of the court always is to get at what was that intention; for unless it shall appear that that intention is in conflict with the principles of law applicable to such cases, then it must govern in the decision of the points in controversy. The most casual consideration of the peculiar circumstances of the case must lead to the conclusion that the children of James M. Goodwin, Jr., living at the testator's death, and no others, should share in the bequest.—1st. Because of the fact that there were then living three children, all of them over the age of twenty-one years and married.—2d. Because of his affection for these three children, as manifested by the fact that one of them lived in the house with him up to the time of the completion of her education, while all three of them, though they lived in a distant state, frequently visited him up to a short time before his death.—3d. Because of the very significant fact that, at the time of the testator's death, James M. Goodwin, Jr., was sixty years of age, and his wife, Charlotte, fifty-nine, and certainly the testator could not have contemplated the happening of three events, which a moment's thought would have convinced him were hardly within the range of the possible, namely, that James M. Goodwin, Jr., would have survived his wife; that after her death he would have married a second time; and that at his advanced age he would have had other children born to him; while the already advanced age of his wife precluded the thought of other children being born to her. It seems to be well settled that the construction of the words of a will cannot be affected by the occurrence of contingencies not in the mind of the testator either at the time of making his will (which in this case was the month prior to his death) or before his death; for no one can know with certainty what a testator might have been disposed to do, in a state of facts not presented to his mind. 2 Redfield on Wills, 22; *Pride*

v. *Fooks,* 3 De G. & J., 252, 275.  Hence in aid of the construction of wills we can only introduce extrinsic evidence to show the state of facts and of the testator's knowledge at the time of making the will.  But as for most purpose's the words of the will speak from the death of the testator, it may often afford some aid in conjecturing the sense in which the testator expected it to be received, by showing the surrounding facts and the state of the testator's mind and knowledge up to the time of his death.  2 Redfield on Wills, 22.

2.  The general rule in regard to bequests to a class is, that all who are embraced in the class at the time the bequest *takes effect* will be allowed to take, and consequently, as an interest devised under a will ordinarily takes effect at the death of the testator, it will be so regarded, and the class ascertained as of that time.  2 Redfield on Wills, 9; *Davidson* v. *Dallas,* 14 Vesey, 576; *De Witte* v. *De Witte,* 11 Sim., 41; *Petway* v. *Powell,* 2 Dev. & Batt. Eq., 308.  Now if the class is to be determined as of the time the bequest in this case *took effect,* we can not do better than quote the language of CARPENTER, J., in *Dale* v. *White,* 33 Conn., 294, to determine when the bequest in this case is deemed in law to have taken effect.  He says: "It is a well settled rule of construction that a legacy given to a person or a class, to be paid or divided at a future time, takes effect in point of right at the death of the testator.  In such case the contingency attaches, not to the subject of the gift, but to the time of payment." And then he goes on to show that in all cases "where words are equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent."  And as in the case before us, as well as in that case, the legacy is not in terms made to depend upon any contingency or condition, this rule seems to us decisive of the case, and to show clearly that at the death of James M. Goodwin, Sr., the legacy vested in the children of his son, James M. Goodwin, Jr., then living, and was not to be

divested by the birth of other children, born of a subsequent marriage; and hence that the legacy should be divided into three, rather than five parts. *Throop* v. *Williams*, 5 Conn., 98; *Colt* v. *Hubbard*, 33 id., 281; *Austin* v. *Bristol*, 40 id., 120; *Eldredge* v. *Eldredge*, 9 Cush., 516; *Nash* v. *Nash*, 12 Allen, 345; *Thompson's Lessee* v. *Hoop*, 6 Ohio St., 480. The mere fact that one estate under a will is provided to take effect after the termination of an intervening one, will not have the effect to prevent both estates becoming vested at the moment of the decease of the testator, the one in possession, the other in prospect or remainder. 2 Redfield on Wills, 216; 1 Jarman on Wills, 758. In confirmation of these principles we quote from the opinion of Sir James Wigram, V. C., in *Leeming* v. *Sherratt*, 2 Hare, 17, the following: "Courts of equity, in the construction of wills relating to personal property, follow the rules of the civil law. By that law, when a legacy is given absolutely, and the payment postponed to a future definite time, the court considers the time as annexed to the payment, and not to the gift of the legacy, and treats the legacy as *debitum in præsenti, solvendum in futuro*." And we find the rule as laid down in *Dale* v. *White* sustained in Massachusetts in *Emerson* v. *Cutler*, 14 Pick., 108; *Olney* v. *Hull*, 21 id., 311; *Furness* v. *Fox*, 1 Cush., 134; *Bowker* v. *Bowker*, 9 id., 519. And Parsons, C. J., in *Dingley* v. *Dingley*, 5 Mass., 537, thus states the rule:—"For it is a rule of law that a remainder is not to be considered as contingent, when it may be construed, consistently with the testator's intention, to be vested." See also *Shattuck* v. *Stedman*, 2 Pick., 468; *Blanchard* v. *Blanchard*, 1 Allen, 223. We therefore confidently submit, that agreeably to what evidently seems to have been the intention of the testator and the principles of law applicable to cases of this kind, the children of James M. Goodwin, Jr., who were living at the death of the testator, took a vested estate in the bequest, which was not divested by the birth of the two afterborn children; and therefore that the entire bequest should be equally divided among the three children by the first

*C. E. Perkins,* for the appellees.

The question now before the court is fully considered in 2 Jarman on Wills, 55–57. With regard to devises to children as a class, after saying that the question has been as to the point of time at which the class is to be ascertained—that is, at what date the children who take must be existing, the author lays down some rules of construction, as follows:— "1st. An immediate gift to children (that is, a gift to take effect immediately on the testator's decease,) comprehends the children living at the testator's death (if any), and those only.—2d. That where a particular estate or interest is carved out with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution." And again—"In cases falling within this rule the children, if any, living at the death of the testator, take an immediately vested interest in these shares, subject to the diminution of those shares (that is to their being diverted *pro tanto*) as the number of objects is augmented by future births during the life of the tenant for life." These are given as the well-settled rules of construction in such cases, and many authorities are cited in their support. It is not even suggested that there are any conflicting authorities, or that the rule is doubtful. It is further stated that this rule is peculiar to devises to children and brothers and sisters, it being inferred, from the testator's not saying that the devise over is limited to children of the tenant for life who are living at the death of the testator, that he means to include, as in this case, all his grandchildren. Redfield on Wills, (Vol. 2, p. 10,) lays down the same principle, saying that, where no time is fixed for the payment of a legacy to the children of *A*, it is due at the death of the testator, and only the children then in existence can take; but where there is a bequest to take effect after the expiration of the intervening estate also created by the will, after-born children will be entitled where the gift is to children as a class. So on page 29 he says:—"But where bequests are

made to a class as the children of a person by name, it will be construed in general, and unless there is something in the case to indicate a different purpose, to include children by different marriages." The same rule is laid down in O'Hara on Wills, 289, and in the text books generally.

The decisions on the subject are very numerous and all to the same effect. A great number are referred to in the notes to Redfield and Jarman. We will cite only the following:— *Dingley* v. *Dingley*, 5 Mass., 535, 537; *Fosdick* v. *Fosdick*, 6 Allen, 41; *Hall* v. *Hall*, 123 Mass., 120; *Jenkins* v. *Freyer*, 4 Paige, 47, 53; *Kilpatrick* v. *Johnson*, 15 N. York, 322, 325.

There is nothing in this case to show that the testator had any different intent. It is found that the children by the first wife, or some of them, had lived with the testator or in his family, and that he was fond of them. It was not possible for the children of the second wife to have lived in his family, as they were not then born; but if they had been, there is no reason to doubt that he would have been equally fond of them. In *Bond's Appeal from Probate*, 31 Conn., 183, the court intimates, on page 191, that evidence to show the different affection a grandparent has for his different grandchildren is inadmissible to give a contruction to a clause of this kind. It may be said that at the time the will was made the son had a wife living who was beyond the age of child-bearing, and that the testator could not be supposed to have thought that she would die and that his son would marry again and have other children. It would seem most probable that he did not think anything about it, but intended the property to go to whatever children his son might have. If he had thought of such a possibility as his son marrying again and having more children, he would have been more likely to make provision for them, who would probably be very young and helpless, than for older children who were grown up and married and could take care of themselves. But it is immaterial whether the testator contemplated such a possibility or not, as he has used words fitted for such a state of things. *Critchett* v. *Taynton*, 1 Russ. & Mylne, 541.

CARPENTER, J.    James M. Goodwin died March 30th, 1870. In his will he divided his estate into fifty equal parts.    The sixth clause of the will reads as follows:—"I give and bequeath the use, income, interest and improvement of twenty of the above-named equal parts to my beloved son, James M. Goodwin, Jr., for and during the term of his natural life, and at his decease I direct the same to be divided equally among his children."

At that time James M. Goodwin, Jr., had three adult children, and his wife was still living.    Subsequently she died; he married again, and had two children by his second wife. He is now dead, and the question reserved for this court is, whether the children by the second wife share in the legacy to his children.

The general rule in regard to a legacy to a class is, that those and those only who are embraced in the class at the time the legacy takes effect will be allowed to take.    This is conceded.    But it sometimes happens, as in the present case, that a legacy takes effect in point of right at one time and in point of enjoyment at a subsequent time.    In such cases another rule, of nearly universal application, with hardly a dissenting authority, prevails; and that is, that all who are embraced in the class at the time of the distribution, or when the legacy takes effect in point of enjoyment, will take.

That rule applies to and determines this case.    The fact that the legacy vested in the children of the first wife at the death of the testator is no obstacle to the application of the rule.    It vested subject to diminution by the birth of children afterwards.

The Superior Court is advised that all the children of James M. Goodwin, Jr., including those by his second wife, are entitled to share in the legacy.

In this opinion the other judges concurred.