SUSAN B. BELFIELD AND OTHERS *vs.* JOHN W. BOOTH AND ANOTHER.

New Haven & Fairfield Cos., June T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

A testator provided that after certain bequests had been paid and the executor had settled with the judge of probate, the remainder of his estate should be paid to the trustee named. The will then proceeded as follows: "I hereby appoint *P* trustee of my estate for the following fourteen years from the time he receives said funds from the executor, to be disposed of as follows." The will then provided for the payment by the trustee from the funds for fourteen years of an annuity to his sister and of six annuities to the widow and children of his brother *O*, and then proceeded as follows:—"At the expiration of fourteen years I direct my trustee to cause the remainder of my estate to be divided among the grandchildren of my deceased brother *O* and the adopted daughter of my sister *D*, share and share alike; that is to say, if there should be three living grandchildren of said *O* the residue of said estate shall be

Belfield *v.* Booth.

divided into four shares, and if more or less in the same proportion, said adopted daughter to have no more than one of the grandchildren." Held—

1. That the fourteen year period established for the trust was to commence at the expiration of such reasonable time after the death of the testator as would suffice for the proper settlement of the estate.
2. That it was not necessary that such settlement should be the final accounting of the executor.
3. That under our laws providing facilities for and requiring prompt action in the settlement of estates, it would not be assumed that such settlement could be delayed seven years.
4. That the provision "I hereby appoint *P* trustee of my estate," was sufficient to give a legal title to the trustee named.
5. That the residuary interest under the trust became vested at the decease of the testator in the adopted daughter of his sister and the class of his brother's grandchildren; which class would open to let in any other grandchildren of his brother subsequently born.
6. That the bequests were not obnoxious to the statute against perpetuities.

It is of no importance, in the case of such a trust for a class, that the persons who will ultimately take in possession, provided the time of their taking is not too remote, are different from the persons who took in right at the testator's death.

The law will not favor a construction of a will which suspends a title or holds it in abeyance.

A suit for the construction of a will can be properly brought only by an executor or trustee or an administrator with the will annexed, and on the ground that they cannot safely discharge their duties without the advice and protection of a court of chancery. Heirs and legatees have no right to ask the advice of the courts as to matters in controversy between them.

And it is no part of the plaintiff's duty in such a suit to take ground against the validity of the will. He represents the testator, and while it is necessary and proper that he should fully state the points of difficulty, the same reasons which cast upon him the duty of procuring and defending the probate of the will at the cost of the estate require him to assume no position of active hostility to what may appear to have been the intention of the testator.

[Argued June 8th—decided September 9th, 1893.]

Suit by the administrator *de bonis non*, with the will annexed, of the estate of Elon Booth, deceased, and certain of his next of kin and legatees, for a construction of his will; brought to the Superior Court in Fairfield County, and reserved upon a finding of facts for the advice of this court. The executor and trustee of the residuary estate, named in

the will, had been removed from the office of executor by the court of probate. John W. Booth, a nephew and one of the heirs of the testator, and the trustee named in the will, were the sole defendants. Among the plaintiffs were Annis Booth, the widow of Orville Booth, suing individually, and five of her grandchildren, who were minors, suing by her as their next friend. Two of them were children of John W. Booth, and the others were children of others of the plaintiffs.

Upon the argument of the cause, early during the term, all the plaintiffs were represented by the same counsel, who claimed, as did also the counsel for John W. Booth, that the residuary provision in the will for the grandchildren of Orville Booth was void. The court thereupon stated that it would be proper to have the minor grandchildren represented by some next friend other than Annis Booth, whose counsel were attacking the validity of the will; and the cause was remanded with directions for the substitution of some more suitable person. This substitution was made, and the cause was re-argued at a later day during the term, all parties being represented.

The clauses in the will which were the subject of consideration are given in the opinion of the court.

*D. Davenport*, with whom was *W. H. O'Hara*, for the plaintiffs.

*G. Stoddard*, for the defendant J. W. Booth.

*S. Fessenden* and *S. Tweedy*, for C. H. Peck, trustee.

BALDWIN, J. The will of Elon Booth, after providing for certain bequests and charges, proceeds as follows: " After the above bequests have been complied with and the executor has settled with the judge of probate, my will is that the remainder of my estate be paid over to the trustee hereinafter named. I hereby appoint Charles Henry Peck trustee of my estate for the following fourteen years from the time he receives said funds from the executor, and to be disposed of as follows: First. That the said trustee pays yearly to my

sister, Delana Brinsmade, of the town of Trumbull, the sum of six hundred dollars for the period of fourteen years." Six other annuities to the widow and children of Orville Booth, during the same period, are then given, the seven amounting in all to $2,000 a year.

Then follow these provisions :—

" The above sums to be paid yearly from the income of my estate, and should that be insufficient, then each one to be paid *pro rata* from said income and from no other source.

" If any or all of the above named persons are living at the time of the said trustee receiving said funds, and should not live the full term of fourtéen years, I direct said trustee to pay to such persons' estate the amount due them up to the time of their death, and such one's portion ceases and is vested with the remaining income yearly in the general fund.

" All notes which I may hold against Levi B. Booth at the time of my decease, my will is that by his paying yearly to the trustee the interest on said notes for fourteen years from the settlement of my estate by the executor, I then direct said trustee to destroy said notes in his presence, which releases him from any future liability on said notes. Provided however, if during the period of fourteen years the said Levi B. Booth refuses to pay said interest or dies, then I direct the said trustee to collect the principal and interest, if any due, and invest the same in the general fund.

" At the expiration of fourteen years I direct my trustee to cause the remainder of my estate to be divided among the grandchildren of my deceased brother Orville Booth and the adopted daughter of my sister Delana Brinsmade, share and share alike ; that is to say, if there should be three living grandchildren of said Orville Booth the residue of said estate shall be divided into four shares, and if more or less in the same proportion, said adopted daughter to have no more than any one of the grandchildren. In the event of the death of said adopted daughter previous to the expiration of fourteen years, I will, devise and bequeath the share she would take if living to the living grandchildren of my deceased brother Orville Booth, share and share alike."

The adopted daughter of Delana Brinsmade died soon after the decease of the testator.

It is claimed in behalf of the heirs at law that both the trust to support the annuities and the residuary bequests are in contravention of the common law rule against perpetuities.

The testator died in 1890, shortly after the date of his will, leaving an estate consisting mainly of personal property, of the value of over $150,000, and yielding an annual income of $6,000. The executor has appealed from the decree removing him from office. He has not settled his administration account, and the date of the final settlement of the estate is uncertain on account of the pendency of that appeal.

The testator intended that the adopted daughter of his sister Delana, and the grandchildren of his deceased brother Orville, should ultimately come into the possession and enjoyment of the bulk of his property. His sister was to receive only a small annuity, and the widow and children of Orville were treated in a similar manner. Of the seven grandchildren of Orville five were minors, the youngest being six years old, at the date of the will.

There are no direct words of grant or conveyance to the residuary legatees. Upon the settlement of the executor's administration account the residuary estate is to be "paid over to the trustee," and after a certain time he is to cause it "to be divided" among the legatees. There are no other words of conveyance to the trustee, but his appointment is couched in these words:—"I hereby appoint Charles Henry Peck trustee of my estate for the following fourteen years from the time he receives said funds from the executor."

These provisions, if valid, are sufficient to give a legal estate to the trustee named. *Donalds* v. *Plumb*, 8 Conn., 447, 452. Whether such estate became vested in him, of right, upon the decease of the testator, or his title would commence at the time when he was to receive possession, it is not now important to inquire. The material thing is to ascertain whether the time when the testator intended that the equi-

table estate should vest in his residuary legatees has been postponed beyond the limit prescribed by law.

These legatees were a designated individual, and a class already in being, the grandchildren of his deceased brother. The residuary clause directs the division of the estate among them "at the expiration of fourteen years," and provides for the contingency of the death of his sister's adopted daughter "previous to the expiration of fourteen years." Taken by itself this clause would require the division to be made fourteen years from the time when the will speaks, that is, from the death of the testator; but the whole instrument sufficiently manifests a general intent that the fourteen year period should run from the date of the settlement of the administration account. Prior to that date the funds are to remain in the hands of the executor, who is the same person as the trustee, and it is claimed by the heirs to be possible that the estate will not be finally settled in the court of probate until more than seven years, nor the final division by the trustee made until more than twenty-one years, from the decease of the testator.

If this be so, and if no beneficial interest were previously vested, such a postponement would defeat the general scheme of the will, since the common law rule against perpetuities remains in full force in this state.

As the individuals to be benefited by the division were all ascertained and in being at the death of the testator, except so far as subsequent deaths might lessen or subsequent births increase the number of his brother's grandchildren, and as one at least of the parents of each after-born grandchild must be a person in being at the testator's death, the natural construction of the will is that which makes it then vest a title in these beneficiaries, subject to be defeated as to any of them by death, or abridged by the birth of other grandchildren, before the time for the final division. *Dale* v. *White*, 33 Conn., 294, 296; *Jones's Appeal*, 48 Conn., 60, 67. "The law will not favor a construction which suspends the title, or holds it in abeyance." *Farnam* v. *Farnam*, 53 Conn., 261, 279.

Belfield v. Booth.

It is true that there are here no words of present gift to the residuary legatees, but neither are there words of present gift to any one else.   Unless the beneficial estate vested in them at the testator's decease it vested in no one.   The postponement of the time when they were to come into possession was made solely for the benefit of their parents.   To give it the effect of deferring the devolution of title, and thus give the latter, as heirs, what was plainly meant for their children as legatees, would violate the ordinary presumptions against a partial intestacy.   *Anthony* v. *Anthony*, 55 Conn., 256, 258, 260 ; Hawkins on the Construction of Wills, 232.

In the case of *Andrews* v. *Rice*, 53 Conn., 566, 570, which has been pressed upon our attention, there was no gift to a class, and there was a remainder over in case of the death of all the beneficiaries without leaving issue, to support which would have been impossible had the primary legacies been treated as vested.

We do not think the will can fairly be read so as to direct the division of the trust estate among those grandchildren of Orville Booth who survived the testator, irrespective of future events.   Seven of these grandchildren were living when he made his will, but in fixing the divisional shares he refers to " three living grandchildren " as the number who might survive at the time when the trust was to be terminated.   The provision for the event of the death of his sister's adopted daughter, and the succession by " the living grandchildren " to the share which " she would take, if living," and the omission of any provision for representatives of deceased grandchildren, also furnish strong evidence of an intention to enrich those grandchildren who were alive at the period when the fund with all its accumulations was to be distributed, rather than to give an absolute and indefeasible title to all those surviving the testator.

So far as the validity of the trust is concerned, it is of no consequence that the persons who will ultimately take in possession, provided the time of their thus taking is not too remote, may not be the same persons who took in right at the testator's death.   It is the ordinary case of a defeasible es-

tate.  Only a vested estate can be defeasible.  *Farnam* v. *Farnam*, 53 Conn., 261, 287 ; *Phipps* v. *Ackers*, 9 Clark & Finn., 583.

The residuary interest under the trust created by the testator became vested upon his decease in the adopted daughter of his sister and the class of his brother's grandchildren.  This class, we think, would open to let in any other grandchildren of Orville Booth subsequently born.  The words used by the testator are broad enough to include them, and to do so accords best with the principle of equality as regards his kindred in that degree which characterizes the whole residuary bequest.

It is possible that all the grandchildren of Orville Booth who survived Elon Booth may die before the lapse of the period which is to precede the division, and also that other grandchildren of Orville Booth, born many years after the testator's decease, may thereupon become the sole beneficiaries under the trust in question.  The heirs at law contend that this possibility destroys the trust, citing Gray on Perpetuities, sec. 369.  But even if the period were one that might endure to a time beyond twenty-one years after the decease of the testator, the estate having vested at his decease in a definite class cannot be divested by any change in the membership of that class.  It remains the same class, though composed from time to time of different individuals.

We are of opinion, however, that the time set for the division of the trust estate is not so remote as to contravene the rule against perpetuities.

The settlement of the estate of a deceased person in this state is ordinarily completed within one or two years.  Our courts of probate are numerous and access to them always easy.  The executor is bound to offer the will for probate within thirty days from the testator's death.  Gen. Statutes, § 547.  The form of probate bond, long prescribed by statute, obliged the executor to render his final account at a day set by the court, generally within a year from the grant of letters testamentary.  Revision of 1821, p. 201 ; Rev. of 1866, p. 404, sec. 14 ; *Warren* v. *Powers*, 5 Conn., 373, 375.  Twelve

months is the longest period that can be fixed by the court for the presentation of claims, and suits upon rejected claims must be brought promptly if at all. Gen. Statutes, §§ 581, 583. Should an executor neglect to settle an estate within a reasonable time, the court of probate can remove him on summary proceedings, (Gen. Statutes, § 611,) and an action lies on his probate bond. *Davenport* v. *Richards*, 16 Conn., 310, 320; *Sanford* v. *Thorp*, 45 Conn., 241. A partial distribution of residuary estate also can always be ordered by the court of probate, although the entire residue may not have been ascertained, when the legatees are in need of their portions or such appears to be the intent of the will. *Clement* v. *Brainard*, 46 Conn., 174, 181.

The testator had a right to rely on the courts of his state to enforce the proper settlement of his estate both as to the manner and the time of the proceeding. It would appear that he has not put his reliance upon them in vain. The executor whom he appointed has been removed for cause, and within two months thereafter the construction of his will has been brought before the court of last resort for final determination. It is found by the Superior Court that the executor has appealed from the decree of removal, and that the pendency of that appeal renders the time of the final settlement of the estate uncertain. It cannot however render it remote, since such an appeal takes precedence of ordinary actions, as respects the order of trial. Gen. Statutes, § 1113.

In effect, the fourteen year period, which the testator has established, is to commence at the expiration of such reasonable time after his decease as will suffice for the proper settlement of his estate. We are not to presume that it will or can be delayed longer. *Coit* v. *Comstock*, 51 Conn., 352, 382; *Tappan's Appeal*, 52 Conn., 412, 420; *Brandenburg* v. *Thorndike*, 139 Mass., 102; 28 Northeastern Rep., 575. Had he drawn his will in the form indicated above its validity would probably not have been questioned. But wills are not defeated by informality in the expression of the testator's wishes, where his substantial intent is apparent, and the estate which

he seeks to create is not an unlawful one. It is our opinion that the trust established by Elon Booth will commence at the time when the accounts of the executor or administrator of his estate are, or should be, settled in the due course of administration, and that this time cannot be delayed so long as seven years from his decease. 1 Jarman on Wills, *777, *797, note *u*.

It is not necessary that such settlement should be the final accounting of the executor or administrator in the court of probate.

It is apparent that the annuities charged upon the trust were intended to aid in the support of those who were to receive them. One of them, the sister of the testator, is presumably a person in advanced years, and counsel for the heirs at law have stated in their argument that both she and the widow of Orville Booth were over eighty years of age at the decease of the testator. No delay in the final settlement of so ample an estate could be permitted to postpone for seven years the annual payment to these aged women of the moderate provision which the will has made for them. Long before the lapse of such a period it would be the duty of the trustee to require the executor or administrator to render such accounts to the court of probate, and apply for such an order thereon, as would result in the payment to the trustee of a sum sufficient at least to raise all the annuities ; and the fourteen year period would then begin.

This action was originally brought by the administrator *de bonis non*, all the heirs at law except one and all the residuary legatees, against the remaining heir as the sole defendant. Most of the residuary legatees were minors, and sued by the widow of Orville Booth as their next friend. The reservation of the case for the advice of this court was made " with the consent of the parties." Charles H. Peck, the executor and trustee named in the will, afterwards intervened and was made a party defendant at his own request. When the cause came on for argument the counsel for the plaintiffs took the position that the whole trust was invalid under the common law rule against perpetuities, and this contention

was supported by counsel for the heir who was made a defendant. The court thereupon remanded the cause to the Superior Court, with directions for the substitution of another person as next friend for the minor legatees, and this having been accomplished, a re-argument was had, at which the validity of the trust was asserted by counsel in their behalf.

A suit for a construction of a will can be properly brought only by an executor or trustee claiming under it, or an administrator *cum testamento annexo.* *Crosby* v. *Mason*, 32 Conn., 482, 484; *Miles* v. *Strong*, 60 Conn., 393, 398; Gen. Statutes, § 1124. It rests upon the ground that the plaintiff occupies a position of trust, under a will affecting large interests, the construction of which is open to serious question, and that he cannot safely discharge the duties of his office without the advice and protection of a court of chancery. Heirs and legatees have no right thus to create a controversy, and ask the interposition of the courts to prevent anticipated disputes which may never arise. Their place in such a proceeding is that of defendants only. Nor is it any part of the plaintiff's duty to lead an attack upon the validity of the will. He represents the dead, and while it is necessary and proper that he should fully state the points of difficulty, the same reasons which cast upon him the responsibility of procuring and defending the probate of the will at the cost of the estate, (Gen. Statutes, § 561,) require him to assume no position of active hostility to what may appear to have been the intention of the testator.

The case at bar forcibly illustrates the necessity of strict adherence to these rules of procedure. The executor and trustee whom the testator selected to carry out the provisions of his will was removed from the office of executor, though not from that of trustee. His successor in the administration of the estate then united with all but one of the other parties interested in the succession, in bringing an action for a construction of the will, against the sole remaining heir, who, like the plaintiffs, asserts the invalidity of the trust in question. The residuary legatees were the children of the heirs at law, and most of them were minors, suing by a next friend,

who, while their grandmother, is still more nearly related to those interested in opposing the validity of the bequest and employed counsel to aid in such opposition.

As, however, substitution of a more suitable person as next friend, and a subsequent re-argument, have secured a proper presentation of the cause in behalf of the minors and of the dead, we have proceeded to a decision of the questions arising under the will, without requiring such a re-arrangement of the parties as the nature of the case would strictly require.

The Superior Court is advised that the provisions of the will for dividing the residuary estate among the grandchildren of Orville Booth and Mrs. Gregory, the adopted daughter of Delana Brinsmade, and for the constitution of a trust and the accumulation of the trust estate for the period of fourteen years from the settlement of the executor's account, and for certain yearly payments during said period, are each and all valid.

In this opinion the other judges concurred.