KATHERINE S. SHEPARD, ADMINISTRATRIX, *vs.* THE UNION AND NEW HAVEN TRUST COMPANY ET ALS.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and AVERY, Js.

Where the intent of a testator to create a trust is manifest, it is not necessary that any estate be devised in express terms to the trustees.

The law will not favor a construction of a will which suspends a title or holds it in abeyance.

If a will is open to two constructions, one of which will render a gift illegal and void and the other valid and operative, the latter must be preferred.

Provisions in a will which are partly legal and partly illegal, will be upheld as to the former, unless the two are so inextricably blended as to be incapable of separation.

An absolute interest, vested by will, cannot be cut down by a substitutionary gift over which is invalid.

In the present case, the testator, who left surviving him one daughter and three grandchildren, directed that the residue of his estate should be distributed by his trustees as follows: "one-half of his or her share to each of my grandchildren when he or she has reached the age of thirty years and one-half when he or she has reached the age of fifty years with the provision that the children of a deceased grandchild shall take as a class the inheritance that would fall to their ancestor if he or she were

then alive, and at the times he or she would have received said payment." `Held` that the provision in favor of the grandchildren did not violate the rule against perpetuities, since it was a gift to a class vesting immediately upon the death of the testator and opening to let in members born thereafter and before the time of the first distribution, viz., the date when the oldest grandchild should attain the age of thirty years; and that the limitation over to the children of deceased grandchildren, though void for remoteness in so far as it might apply to the issue of a grandchild born after the death of the testator, was separable from the gifts to the grandchildren or to the children of the three grandchildren who were then alive, and therefore did not invalidate them.

Although the value of the testator's residuary estate at the time of his death was approximately $400,000, the only disposition of income accruing prior to the distribution of the trust fund consisted of bequests of $100 per month to each of his grandchildren during minority, of $1,000 per annum for their education, and of $250 per month to his daughter during her life. *Held* that, in the absence of other circumstances, his failure to dispose of the excess income could not be attributed to an intent that it be accumulated and added to the trust fund, but rather to mere forgetfulness on his part; and that, therefore, such income was intestate estate and should be paid to the daughter.

Whether an express provision for the accumulation of the income until the termination of the trust would have contravened the rule against perpetuities, *quære.*

The testator directed that $1,000 per annum be paid to each of his granddaughters "for a college course or a course in a young ladies' seminary." *Held* that the term "college" included the undergraduate and graduate and professional departments of a college or university; and that "young ladies' seminary" included any private preparatory school.

Argued June 14th—decided October 3d, 1927.

Suit for the construction of the will of William C. Bowers, late of Bridgeport, deceased, brought to the Superior Court in Fairfield County and reserved by the court (*John Richards Booth, J.*), upon an agreed statement of facts, for the advice of this court.

The testator, William C. Bowers, was a resident of Bridgeport and engaged in the practice of his profession as a physician and surgeon up to the time of a

short illness, which terminated in his death at the age of seventy-five years.   He was a widower and left surviving him as his sole heir at law a daughter, Katherine S. Shepard, who is married.   Her husband is still living and she is the mother of three living children, who are minors and are the only grandchildren of the testator, namely, William Shepard, aged sixteen years, Frances, aged twelve years, and Martha, aged four years, respectively.

The testator left a will which was drawn by himself and executed in November, 1923, his daughter then being his only child, and now of the age of forty years; his grandchildren then being the three named, together with Katrina, who died in September, 1926. The will provided for small bequests to two persons in his employ; its remaining provisions are set forth in the footnote attached.   The total inventory and ap-

---

THIRD: I give, devise and bequeath to my daughter Katherine S. Shepard all the furniture and household effects of which I die possessed, to be hers absolutely and forever; and I also give, devise and bequeath unto her for the term of her natural life only all of the real estate which I possess in the Town of Berlin, Connecticut, and at her death I give devise and bequeath unto my grandchildren then living the use and improvement and enjoyment of all of said estate, share and share alike, and to the survivors of them, with the provision that said estate may be sold by them with the concurrence of the trustee of my estate, they to enjoy this limited estate until the time when each one shall reach the age of thirty (30) years and at that time one-half (½) of all of the estate in the hands of my trustees shall be divided between them, share and share alike, when each one reaches the age of fifty (50) years the remaining one-half shall be distributed to them.   If any of my said grandchildren die before said distribution leaving children, such children shall take the share that would have been distributed to their parents had he or she lived, when said ancestor would have reached said ages of thirty (30) and fifty (50) years.

FOURTH: I hereby appoint the Union and New Haven Trust Company of New Haven, Connecticut, and my daughter Katherine S. Shepard as joint trustees of my said estate, having complete control of all of it with the exception of the life uses before set out, until

praisal value of the testator's entire estate was $395,-952.92; included in the estate were eight parcels of land in Berlin and one parcel situated in Berlin and Middletown. These nine parcels are those referred to in the third article of the will.

the final limit of distribution fixed by this instrument. When the death of my said daughter Katherine S. Shepard occurs my grandson William B. Shepard, if then of age, shall succeed her as joint trustee and if she dies before that period is reached the said Trust Company shall be sole trustee until the time of the attainment of his majority when he shall then take the place of his mother. The said Katherine S. Shepard shall be entitled to serve without bond.

FIFTH: During the life of my said daughter I direct my said trustees to pay her the sum of Two Hundred and Fifty ($250) Dollars each month. After the death of my said daughter there shall be paid to each one of my grandchildren or to the children of a deceased one the sum of One Hundred ($100) Dollars, per month during his or her minority if the same is not terminated before her death, said children to take as a class.

SIXTH: I hereby direct that One Thousand ($1000) Dollars per year be paid yearly for the education of my grandson William B. Shepard if he takes a college or professional course or both, and the same amount to be paid to each of my granddaughters for a college course or a course in a young ladies' seminary.

SEVENTH: My said trustees are hereby authorized to sell at any time, if in their judgment it be for the best interests of my estate, such real estate as I may own, at the time of my death, in the City of Bridgeport.

EIGHTH: I hereby direct that my said trustees shall pay as rapidly as possible any and all indebtedness which may exist against my estate either due from me to the Bridgeport banks or by my endorsement on paper executed by my son-in-law W. C. Shepard.

NINTH: I hereby give said trustees full power and authority to collect, and invest the proceeds of said collections all securities held by me of any sort and nature, giving preference if possible to reinvestment where I am at present interested.

TENTH: The rest and residue of my estate, with the exclusion of these various claims upon it, shall be paid as above stated, one-half (½) of his or her share to each of my grandchildren when he or she has reached the age of thirty (30) years and one-half (½) when he or she has reached the age of fifty (50) years with the provision that the children of a deceased grandchild shall take as a class the inheritance that would fall to their ancestor if he or she were then alive, and at the times he or she would have received said payment.

The questions upon which the advice of the court are desired are these:

"(a)  Whether the trustees named in said will are entitled to all the rest, residue and remainder of the estate, upon the settlement of the estate, in the same manner as if the same had been expressly devised and bequeathed to them, and if not, what, if any, property should be delivered to the trustees by the plaintiff as administratrix c.t.a. upon the settlement of the estate.

"(b)  Whether the real estate in the Town of Berlin referred to in Article Third of said will, forms part of said trust property, or whether only the remainder interest therein, subject to the life estate of the daughter, Katherine S. Shepard, forms part of said trust property, or whether no portion of or interest in said Berlin real estate forms part of said trust property.

"(c)  What are the rights and obligations of the trustees, if any, with reference to said Berlin real estate during the lifetime of the daughter, Katherine S. Shepard?

"(d)  Whether the provisions of Articles Third and Tenth of said will with reference to the distribution of one-half of the estate to the grandchildren of the testator when each one shall reach the age of thirty (30) years, and the provisions that if any of said grandchildren die before said distribution leaving children, such children shall take the share that would have been distributed to their parents had he or she lived, when said ancestor would have reached said age of thirty (30) years, violate the rule against perpetuities or are otherwise invalid either in whole or in part, and if so what is the effect of such invalidity.

"(e)  Whether the provisions of Articles Third and Tenth of said will with reference to the distribution of the remaining half of the estate to the grandchildren of the testator when each one shall reach the age of

fifty (50) years, and the provisions that if any of said grandchildren die before said distribution leaving children, such children shall take the share that would have been distributed to their parents had he or she lived, when said ancestor would have reached said age of fifty (50) years, violate the rule against perpetuities or are otherwise invalid either in whole or in part, and if so what is the effect of such invalidity.

"(f)  If said provisions of Articles Third and Tenth violate the rule against perpetuities or are otherwise invalid, in whole or in part, does any portion, and if so what portion, of the estate become intestate and go to the decedent's sole heir at law, or who is entitled to the same?

"(g)  If said provisions of Article Third and Tenth are invalid, in whole or in part, what is the effect of such invalidity upon the monthly or yearly payments provided for in Articles Fifth and Sixth?

"(h)  Whether under the provisions of Article Third of said will the real estate in Berlin goes to the grand-children of the testator or the children of deceased grandchildren in the same manner as the remaining portion of his estate in the hands of the trustees, and if so do said provisions violate the rule against perpetuities in whole or in part?

"(i) If any of the estates is to be held in trust by said trustees, what disposition are said trustees to make of the income of such trust property?

"(j)  If any income remains in the hands of trustees after the payments provided for in Articles Fifth and Sixth, to whom should the same be paid, or should the same be accumulated?

"(k)  What are the rights of the respective defendants under said will and in or to the estate of said testator, and what interests do the daughter and the grandchildren of the testator take in said estate and in

the property, if any, to be held by the trustees, and are the interests of the grandchildren vested and indefeasible?"

*John C. Chamberlain,* for the plaintiff (Katherine S. Shepard, administratrix).

*J. Dwight Dana,* for the defendants The Union and New Haven Trust Company and Katherine S. Shepard, Trustees.

*Edward P. Nobbs,* for the defendants William Shepard, Frances Shepard and Martha Shepard.

*Elbert O. Hull,* for the defendant, Katherine S. Shepard, individually.

WHEELER, C. J.   The will of Doctor Bowers does not convey in express terms any estate to the trustees named; none such are legally necessary; they may be implied, if from the whole will may be derived the intention of the testator to create the trust.   In this will we find these trustees given complete control of all of the testator's estate except a very insignificant part, and its administration by the trustees specifically provided for up to the time of the final distribution of the estate and the termination of the trust.   The terms of the will forbid the entertainment of any doubt of the testator's intention that the trustees were to take, hold and administer the entire residue of his estate until its final distribution.   *Ryder* v. *Lyon,* 85 Conn. 245, 82 Atl. 573.   Upon the settlement of the estate the trustees are entitled to receive from the administratrix *c.t.a.* the entire residue of the estate.   Counsel for the grandchildren of the testator acquiesce in this position, while counsel for the daughter of the testator do not really dispute it, but earnestly question the

validity of some of the provisions for the disposition of the trust estate.

The tenth article, in conjunction with the third, gives to each of the testator's grandchildren an equal share in the residue, and provides that in the event of the decease of any grandchild the children of such grandchild shall take as a class the share of this grandchild. Whether the will vested in the grandchildren a beneficial interest in the residue at the decease of the testator, or at the periods of distribution, will determine whether the gift is an immediate gift to a class and therefore valid, or is a contingent gift and within the rule of perpetuities.

There is, it is true, no express grant or conveyance to these grandchildren; its absence will not, as matter of law, forbid the immediate vesting of such interest. *Belfield* v. *Booth,* 63 Conn. 299, 305, 27 Atl. 585; *Anthony* v. *Anthony,* 55 Conn. 256, 258-260, 11 Atl. 45. The postponement of the enjoyment of one half of his share until each grandchild reaches the age of thirty, and of the other half until he reaches the age of fifty, did not postpone the vesting in right but merely that in enjoyment. If the beneficial interest did not vest in the grandchildren at the decease of the testator, the will does not vest it in anyone. "The law will not favor a construction which suspends the title or holds it in abeyance." *Farnam* v. *Farnam,* 53 Conn. 261, 279, 2 Atl. 325, 5 id. 682. Nor does the will in any respect exhibit the slightest intention on the part of the testator to postpone the vesting of this beneficial interest in the grandchildren until the period for its distribution arrived. Our court will, because our law favors the early vesting of estates, construe a will so as to effectuate this end "where the will indicates no contrary intent." *Wallace* v. *Wallace,* 103 Conn. 122, 135, 130 Atl. 116; *Close* v. *Benham,* 97 Conn. 102, 104,

115 Atl. 626. The terms of the payment of the residue, "when each one shall reach the age of thirty (30) years" one-half, and "when each one reaches the age of fifty (50) years the remaining one-half," reveals the intention of the testator to be the postponing of the payment until the specified age is reached, and not to be to make its payment conditioned upon the reaching of that age. *Austin* v. *Bristol,* 40 Conn. 120, 133. If the period of vesting is postponed to the time provided for the distributions, grandchildren may be born after the testator's death, or a child of a grandchild may survive the grandchild and thus be within the rule of perpetuities, since the after-born child of the grandchild may be born beyond the lives of those in being and twenty-one years thereafter. If a construction is fairly open which will avoid turning a bequest into an illegal perpetuity and render the bequest valid and operative, the law favors it and courts must prefer it. *Wolfe* v. *Hatheway,* 81 Conn. 181, 185, 70 Atl. 645. The postponement of the vesting in the grandchildren to the period of distribution would confine the distribution of the residue to the grandchildren living at the testator's death and exclude from his bounty grandchildren born after his decease, thus reaching a result directly at variance with a main purpose of the testator's will—equality in the distribution of the residue among all of his grandchildren.

The gift was, we think, intended to be to the grandchildren as members of a class, not as individuals; the class "would open to admit other members, as persons answering the class description should" they thereafter, and until the termination of the thirty year period, be born. *Hoadley* v. *Beardsley,* 89 Conn. 270, 279, 93 Atl. 535; *Belfield* v. *Booth,* 63 Conn. 299, 27 Atl. 585. The testator could not have intended that the grandchildren born after the first distribution should take as

members of this class, for there would be no way of preserving the equality in the shares if thereafter the class should open to let in an after-born grandchild. It results that "all who are embraced in the class at the time of the distribution, or when the legacy takes effect in point of enjoyment, will take." *Jones' Appeal,* 48 Conn. 60, 67.

The gift to the grandchildren, vesting in them at the death of the testator as members of a class and the class opening to take in grandchildren born after the death of the testator and before the first distribution, does not violate the rule against perpetuities, since all of the grandchildren will be born within the life of the testator's daughter, Katherine S. Shepard. The gift to these grandchildren as a class is completely separable from the substitutionary gift over to the children of a member of the class who should die. Therefore, though the gift over be invalid, the gift to the grandchild is valid and his estate will be entitled to the share which he would have taken if living. If one of the class cannot take, other members of the class may. If children of a member cannot take, the member may, and his estate will, take the share he would have been entitled to if living.

The provisions of a will, partly legal and partly illegal, will be upheld so far as legal, unless the illegal be "so inextricably blended as to be incapable of separation." *Russell* v. *Hartley,* 83 Conn. 654, 659, 78 Atl. 320. In *Eaton* v. *Eaton,* 88 Conn. 269, 91 Atl. 191, a testator gave to two daughters in equal portions the life use of his residuary estate, with remainder in fee to their respective children, and then provided that the lineal "descendants" of any deceased child should take the part of the share their parent would have taken. We held: "An attempted gift to 'descendants' of children of testator's daughters living at his death would be

void as being contrary to the statute against perpetuities. *Tingier* v. *Chamberlin,* 71 Conn. 466, 469, 42 Atl. 718. The provision by which it is directed that the lineal descendants of any deceased child should take 'the part of such share as their parent would have taken if alive,' and the words, a line or two later, 'and descendants,' whereby such descendants are linked with children as donees in remainder, amounts to precisely that, and must therefore remain without operative effect. The elimination of this provision does not result in such a destruction of the testator's testamentary scheme and purpose that its associated provisions may not stand. The legal can be readily separated from the illegal without doing injustice or defeating the testator's main purpose, and his intent be thus effectuated in so far as the law will permit. *White* v. *Allen,* 76 Conn. 185, 190, 56 Atl. 519. Neither does the failure of the gift over to 'descendants' invalidate any of the gifts prior in the order of donation. *Farnam* v. *Farnam,* 83 Conn. 369, 385, 77 Atl. 70; *Cody* v. *Staples,* 80 Conn. 82, 85, 67 Atl. 1; *Johnson* v. *Webber,* 65 Conn. 501, 514, 33 Atl. 506."

In *Farnam* v. *Farnam,* 83 Conn. 369, 77 Atl. 70, the situation was similar to the instant case. The provision of the Farnam will, which is quoted in 53 Conn. 263, 2 Atl. 325, was in these terms: "to be equally divided among them *per capita* and not *per stirpes,* and to their heirs forever," and thereafter the will provided that if a grandchild should die leaving a child or children, the child or children would take the share of the parent. There was thus a clearly expressed gift in fee with a substitutionary gift over, leading us to say, at page 385: "The authorities elsewhere, and our own, join with reason in asserting the proposition that the failure of a limitation over after a fee leaves an absolute estate in the first taker." An

absolute interest, vested by will, cannot be cut down by a substitutionary gift over which is invalid.

The invalidity of the substitutionary gift over in Doctor Bowers' will to any of the children of his grandchildren would not affect the vested interest of the grandchild. It would be transmissible by the grandchild by will, or become a part of his estate by operation of law.

The residue will be divided into as many shares as there are children born to Mrs. Shepard prior to the first distribution, and the share of those living at her decease, or of the estate of any deceased child who dies without children surviving him or her, will not fall within the ban of the rule against perpetuities.

We come then to the question of whether the share of a child or children surviving a deceased grandchild will fall under this ban. There is no gift over in favor of the surviving children of Mrs. Shepard, therefore the share will remain in the deceased child's estate. The share of each grandchild is separable from that of every other grandchild, and similarly the substitutionary gift over to their child or children is separable from a like gift to the child or children of any other grandchild. "The question of remoteness is to be considered with reference to each share separately." Gray, Rule against Perpetuities (3d Ed.) §391, p. 345; *Sumner* v. *Westcott*, 86 Conn. 217, 84 Atl. 921. If a grandchild is born after the death of the testator and dies before the period set for distribution leaving a child or children surviving, the child or children cannot take the parents' share because the gift over will not take effect twenty-one years after the decease of one living at the death of the testator; the gift over will fail since it will be within the time fixed by the rule against perpetuities and perish through remoteness. Since the gift over cannot take effect, the vested interest of

the grandchild will inure to the benefit of his or her estate, unless alienated prior to his or her death. *Farnam* v. *Farnam*, 83 Conn. 369, 384, 77 Atl. 70. But if any of the three grandchildren living at the decease of the testator dies prior to the time of distribution leaving children surviving, they will take the share of their parent, for the gift over will vest in them within a life in being.

Our conclusion is that neither the gifts to the grandchildren of the testator, whether born before or after his decease, nor the substitutionary gift over to any one of the children of the three grandchildren living at the decease of the testator but dying before the period set for distribution, will offend the rule against perpetuities for remoteness, but that the substitutionary gift over to the children of any grandchild born after the decease of the testator will offend the rule against perpetuities for remoteness and be invalid, the gift over going to the estate of the grandchild, or to his assigns if alienated prior to his decease.

We take up next whether the trust created by this will is one for accumulation, and if so, what will be its effect upon the disposition of the principal or income of the estate in the trust. There is no direction in the will providing for the accumulation of the income; nor is there any express gift of the accumulated income. There is nothing in the will from which we are required to draw the intention to accumulate. We are asked to infer that this was the intention of the testator from the fact that the appraisal value of his estate was nearly $400,000 and that the income from the invested portion of the estate would greatly exceed the maximum payments which the trustees were required to pay from the income. We cannot assume that the testator's estate at the time he drew his will in November, 1923, nearly three years before

his decease, was of this amount or anything like this amount. We must take judicial notice of the fact that many investments in that period have largely increased in market value through increases of stock, or dividends, or other methods. What the condition of Doctor Bowers' estate was in 1923, we cannot know from this record. Whether he obtained much of his property in the period between 1923 and his decease, we do not know. The payments required to be made from the income by the will may have been reasonable and proportionate to the then value of his estate. We cannot substitute speculation for fact and infer an intention upon the part of the testator which he may or may not have held.

In view of this conclusion, we do not consider the question counsel for Mrs. Shepard so strenuously argue, that if the trust be found to be one for accumulation it is void as within the period of the rule against perpetuities. We have a situation where the testator has not provided for the disposition of the income in large part. We cannot hold that it belongs to the grandchildren who ultimately enjoy the principal of the estate and take a vested interest in it from the decease of the testator, for the testator has not so provided. The will makes clear his purpose not to give them any of the income except such as the will provides should come to them through the trustees. If his purpose also was not to accumulate the income in the residue for their benefit, there is only one conclusion open, and that is that the testator omitted provision for the disposition of the income through forgetfulness and therefore the income as it accumulated became intestate estate, and so far as not required to meet the payments under the will and the expenses of the administration of the trust, it should

ultimately be paid to the daughter of the testator, Mrs. Shepard, her heirs, executors, administrators and assigns.

In the nine parcels of real estate in Berlin the daughter has the life use, and upon her decease the grandchildren and the survivors of the grandchildren the life use, with power to sell the same with the concurrence of the trustees. The determination whether to give or withhold their concurrence in the sale and to properly care for these parcels if the life tenants do not, are the only functions in relation to them required of the trustees, except at the periods of distribution, so long as the life tenants live and properly care for these parcels. Their distribution will accord with the distribution of the rest of the estate. Presumably good judgment will require their sale prior to distribution.

The questions upon which our advice are asked do not include one as to the period of payments to be made by the trustees for the education of these grandchildren. Since the question will be imminent before long, we advise:

The trustees should make the specified payments of $1,000 a year for the education of William B. Shepard provided for in Article Sixth of the will during such period as he may be at college or taking a professional course.

The trustees should make the specified payments of $1,000 a year for the education of each of the granddaughters during the entire period each shall be at a college, or young ladies' seminary, which term includes any private preparatory school. College, as used in this article, includes both the undergraduate, and the graduate and professional departments of a college or university.

The questions asked, so far as we deem necessary,

are answered as in the opinion. We do not answer them specifically, since this would involve a summary of the opinion; the questions, as a rule, are not so framed as to invite a categorical answer.

In this opinion the other judges concurred.