NATIONAL ROCKLAND BANK, ADMR., C.T.A.
(William L. Beers, Admr., c.t.a., Substituted Plaintiff)
*vs.*
MARY SAXON SEWARD McDUFFIE, ET AL.

Superior Court        New Haven County        File No. 55296

MEMORANDUM FILED APRIL 17, 1939.

*Beers & Beers,* of New Haven, for the Plaintiff.

*Daggett & Hooker,* of New Haven; *Wiggin & Dana,* of New Haven; *Curtiss K. Thompson,* of New Haven, for the Defendants.

BOOTH, J. The action is for a declaratory judgment respecting the construction, validity and effect of paragraph nine of the codicil to the will of the plaintiff's decedent in so far as

it affects the real property belonging to his estate located in Connecticut, which paragraph reads as follows: "The balance of my estate I leave to my three sisters, Mary S. McDuffie, Louise S. Clapp and Catherine S. Miller, to hold in trust for the benefit of their children's children and to be used at their discretion—first for their education and after they reach the age of twenty-five years to receive what is their proportion on that date."

The defendants are the above named three sisters of the plaintiff's decedent, all of their children and all of said children's children who were born at the time of the institution of this action. All but two of this latter class of defendants were born before the death of the plaintiff's decedent, which occurred on May 15, 1937, and two were born subsequent thereto—one of the latter being born eight months and the other 11 months after said death. Guardians *ad litem* have been appointed for all of the minor defendants and for after-born grandchildren of the three sisters of the testator. It is conceded that since the institution of this action one child of this latter class has been born. All of the defendants have appeared by counsel except Consuelo Miller Smith, who appeared *pro se* and filed a disclaimer of her right to file pleadings or to be heard further and consented that the action might proceed to final judgment without further notice to her. The other defendants each filed answers admitting all of the allegations of the complaint and made various claims concerning the construction, validity and effect of the aforesaid paragraph nine. Thus all parties in interest appear to be before the court.

The first point in the controversy is whether a valid trust is created by said paragraph nine. Some of the defendants claim that it is a valid trust, while others claim it is in violation of the rule against perpetuities and consequently void. The contention of the latter group is that the beneficiaries' interest does not vest until any possible grandchild of the trustees has reached the age of 25 years and as this event may possibly run beyond the period of 21 years from the death of persons living at the testator's decease, the trust is void. This contention is predicated upon the construction urged that the "discretion" attached to the use of the funds makes the interest of each beneficiary contingent until such discretion is exercised. If this were the only reasonable construction to be placed upon the paragraph in question the contention of these defendants would have much greater force, but this is far from what must have

been intended by the testator in view of the language used. There is no ambiguity about the words: "I leave....in trust for the benefit of their children's children." This obviously creates a present interest in the beneficiaries which cannot be affected by the discretion of the trustees except in the manner and amount of use of the fund for the purpose of the education of the beneficiaries during the first period of the trust. The law favors the early vesting of estates. *Mead vs. Close,* 115 Conn. 443, 445. A construction which avoids intestacy must be favored. *Shepard vs. Union & New Haven Trust Co.,* 106 Conn. 627, 635. In addition, it must be observed, that even were it not for these rules of construction, it is plain from the language used in paragraph nine of the codicil that the testa' tor intended to substitute for himself in the management of the residue of his estate his three sisters as trustees for the benefit of their grandchildren and to clothe the former with the same control over the disposition of this property during the first period of the trust, to wit, until the beneficiaries each reached the age of 25 years, as he himself would have exer' cised for a like purpose. Therefore, as the beneficiaries are vested at the death of the testator with the interest which later matures into complete dominion there is no possibility that the rule against perpetuities can be violated. Consequently the trust is valid.

In this connection it is urged by certain of the defendants that the trust, upon final distribution, should be divided *per stirpes* instead of *per capita.* The language of the section would indicate that the individual beneficiary is to receive his share as a numerical unit in the whole group or class and that this division therefore is to be based upon him as an individual rather than as a part of some particular family branch. This construction is supported by the provision for education, which when complied with, the discretion mentioned above must be held to be free from any limits arising from family origin. It is the individual who is to be educated to the extent determined by the discretion of the trustees. There is nothing to support the claim that a different rule should be applied to the distribu' tion of the corpus of the estate. Each child of the trustees' children coming within the class of beneficiaries under paragraph nine will therefore receive at the specified time a *per capita* share of the estate.

Another question involved in the case is the extent of the class made beneficiaries of this trust. It seems settled that this

class embraces all persons described therein living at the time of the testator's death, and that the class may open to take in other such persons born or in being up to the date of the first partial distribution. *Shepard vs. Union & New Haven Trust Co.*, 106 Conn. 627.

It is therefore held that the trust is for the benefit of all children of the trustees' children born or in being within this period. Should one of the beneficiaries die before reaching the age of 25, distribution of his share must be withheld until the date of the first partial distribution in order that the extent of his proportion may be fixed. It would then become a part of his estate and distributable as such free of the trust.

Another question which has been raised is whether there is created a single trust or three separate trusts for the benefit of the family line of each trustee. Obviously no language is used which would justify the latter construction, which would be contrary to the intent of the testator as set forth above. One trust was created for the benefit of a definite class. There is no division of responsibility among the trustees and it is plain that the testator intended the estate to have the benefit of the joint action of his three sisters in its management.

The remaining question concerns itself with the extent of permissible expenditures for "education." Obviously here it was not the intention of the testator to limit the use of the estate to schooling or other forms of instruction. Any expenditures which might reasonably contribute to the development of the individual during the first period of the trust would, subject to the discretion of the trustees, be proper. In this connection, it may be also remarked that there being no limit to income in the terms of paragraph nine, invasions of the principal may be made in reference to which either types of outlay the discretion of the trustees is controlling, but this discretion is subject to the limitation inherent in the character of the estate of each beneficiary as a vested interest, that equality of expenditure be maintained or accounted for so that each beneficiary ultimately will receive his proportionate share.

From the foregoing the questions contained in paragraph nine of the complaint and the amendments thereto are answered as follows:

I. Paragraph nine does create a valid trust.

II. (a) There is but one trust created by paragraph nine of the codicil.

(b) The beneficiaries include children born and in being at the date of the first partial distribution.

(c) The distribution so far as principal is concerned is to be made *per capita*.

(d) If a beneficiary die before the date of the first partial distribution his estate would receive at the date of said partial distribution his share, but if death occurs after said date of the first partial distribution the estate of the deceased beneficiary is immediately entitled to his share.

(e) The trustees may expend the assets of this trust estate for any purpose reasonably conducive to the development of the individual and they are not limited to schooling or other forms of instruction in a narrow sense.

(f) The trustees have the right to invade the principal for the present purposes of the trust.

(g) The trustees may apportion the income and principal expenditures during the first period of the trust in their discretion, subject, however, to subsequent equalization of the shares of the beneficiaries.

Judgment may enter in accordance with this memorandum