LOUIS H. BRISTOL, TRUSTEE, *vs.* CHARLES ATWATER
AND OTHERS.

A testator, leaving a large real and personal estate, made the following
bequest:—" I give one fifth to my daughter *S*, the interest to be paid over
to her semi-annually during her life; and in case of her death I give the
same in fee simple to her children, if she leave any, but if none then to
my other children or their issue in equal shares, the children or grand-
children to take the share which the deceased parent would take." *S*
survived the testator and afterwards died leaving no issue. After the
death of the testator and before that of *S*, *C*, a son of the testator, went
into bankruptcy and the settlement of his bankrupt estate was not yet
closed. Held—

1. That the contingent gift to the other children on the death of *S* without
issue was good only as an executory devise.
2. That the interest of *C* vested only on the death of *S*.
3. That no interest passed to *C's* assignees in bankruptcy.

The persons to take the contingent interest on the death of *S* without issue
being the " other children of the testator or their issue," were not ascer-
tainable until the death of *S*, and therefore the interest could not vest
in them.

SUIT for the settlement of the construction of a will;
brought to the Superior Court. The plaintiff was a trustee
under the will.

The complaint alleged that the testator, Charles Atwater,
Sen., of the city of New Haven, died in January, 1866,
leaving a large estate, both real and personal, and a will,
duly executed, by which, after making provision for his
widow and giving certain legacies, he directed that the
residue of his estate be divided into five equal shares, of
which he gave one each to his two sons Charles, Jr., and
Henry. The will then proceeded as follows:—

" *Fifth:* One other fifth part I give and devise to my said
executors in trust for my daughter, Sarah Denman, the wife
of Matthias B. Denman, as follows, namely: to pay over
semi-annually to said Sarah during her natural life, for her
sole and separate use, the income which may arise from that
portion; provided that in case said Sarah should, in the
judgment of said trustees, need any portion of the principal

for her comfortable and proper support, said trustees may, from time to time, advance to her so much of the principal as may in their judgment be necessary therefor, and her separate receipt shall be sufficient discharge to said trustees for any payment made to her, whether of principal or interest; and in case of the death of said Sarah Denman, either before or after my decease, I give said fifth part to the children of said Sarah in fee simple if she leave any surviving her, to be equally divided among them; but if she leave no children, then to my other children or their issue in equal shares, the children of such as are deceased, whether of children or grandchildren, to take the share which their deceased parent would have had." *

The executors and trustees named in the will were Charles and Henry Atwater, sons of the testator, and Henry White. The executors had settled the estate in probate and the property was now held wholly under the trust. Louis H. Bristol, the plaintiff, had by the death or resignation of the original trustees, become, by appointment of the probate court, the sole trustee. Charles Atwater, Jr., on resigning his trusteeship in 1879, failed to pay over to Mr. White, then his co-trustee, a portion of the trust fund that had been in his hands, and remains indebted to the estate for the same, except as paid in part as below stated.

Charles Atwater, Jr., went into bankruptcy, under the bankrupt act of the United States, in 1877, and the plaintiff and Hobart B. Bigelow were appointed his assignees in bankruptcy. The schedules filed in bankruptcy made no mention of any interest existing in him under the will of his father. The claim of the trust estate against him as trustee was proved against his bankrupt estate and a dividend of $3,280.31 was paid by the latter estate to the trust

---

* The will then gives another fifth to the testator's daughter Lucy R. Elmes, and the remaining fifth to his daughter Elizabeth Charnley. The advice of the court was asked and is given as to certain questions with regard to these legacies, but as they are not discussed in the opinion and are of no general interest, the reporter has thought it best not to occupy the space with a statement of them.

fund. At the time of the bringing of the present suit Charles Atwater, Jr., was hopelessly insolvent, and there was a balance due from him to the trust fund of $12,856.25.

The plaintiff as trustee now held in his hands $43,500 applicable to the uses and trusts created by the fifth section of the will.

Sarah Denman died in May, 1882, leaving no children or lineal descendents. There survived her, her brother Charles Atwater, Jr., her sister Lucy R. Elmes, five children and a child of a deceased child of her sister Elizabeth Charnley deceased, and five children of her brother Henry Atwater.

The questions as to which the plaintiff sought the advice of the court were the following:—

1. Whether Charles Atwater, Jr., is entitled to any portion of the trust fund created by the fifth section of the will, and if so, to what share thereof.

2. Whether the plaintiff and the said Bigelow, as trustees in bankruptcy, are entitled to any portion of that trust fund, and if so, to what share thereof.

3. Whether the sum of $12,856.25, due from Charles Atwater, Jr., is to be set off equitably or otherwise as against that share of the fund to which he would have been entitled, if not bankrupt, if it shall be held that his trustees in bankruptcy are otherwise entitled to receive that share.

4. To whom such portion of the fund as shall be found by the court to be equitably due to Lucy R. Elmes is to be conveyed.

5. To whom such portion of the fund as shall be found by the court to be equitably due to the children of Elizabeth Charnley is to be conveyed.

The allegations of the complaint were found true and the case was reserved for the advice of this court.

*L. H. Bristol*, for the plaintiff.

*C. R. Ingersoll*, for the assignees in bankruptcy of Charles Atwater.

*S. E. Baldwin*, for Charles Atwater.

*J. S. Beach*, for the children and grandchildren of Elizabeth Charnley.

*W. B. Wooster*, for Lucy R. Elmes and heirs of Henry Atwater.

PARK, C. J. The first question presented in this case for our consideration and advice is, "whether Charles Atwater, Jr., is entitled to any portion of the trust fund created by the fifth section of the will of Charles Atwater, and if so, to what share thereof?"

The fifth section of the will is as follows: "One other fifth part I give and devise to my executors in trust for my daughter, Sarah Denman, as follows, namely: to pay over semi-annually to said Sarah during her natural life, for her sole and separate use, the income which may arise from that portion; provided, if. said Sarah should, in the judgment of said trustees, need any portion of the principal for her comfortable and proper support, said trustees may from time to time advance to her so much of the principal as may in their judgment be necessary therefor, and her separate receipt shall be sufficient discharge to said trustees for any payment made to her, whether of principal or interest; and in case of the death of said Sarah Denman, either before or after my decease, I give said fifth part to the children of said Sarah in fee simple, if she leaves any surviving her, to be equally divided among them; but if she leaves no children, then to my other children, or their issue, in equal shares, the children of such as are deceased, whether of children or grandchildren, to take the share which their deceased parent would have had."

Mrs. Denman died in the month of May, 1882, leaving no children or lineal descendants.

In the month of April, 1877, Charles Atwater, Jr., was duly adjudged a bankrupt under the laws of the United States, and assignees of his estate were duly appointed,

whose schedules in bankruptcy made no mention of any interest existing in him under the will in question. The bankrupt estate is now in process of settlement.

The testator died in the month of January, 1866, seized and possessed of a large estate in real and personal property.

These are the principal facts regarding the first question presented for our consideration.

We think it is clear that the contingent interest over to the other children of the testator or their issue, in the event of the death of Mrs. Denman without children surviving her, is good only as an executory devise. This is made certain by a long list of authorities that might be cited. We will refer to but a few of them. *Morgan* v. *Morgan*, 5 Day, 517; *Couch* v. *Gorham*, 1 Conn., 36; *Alfred* v. *Marks*, 49 id., 473; 4 Kent's Com., 268. "A proper executory devise is where a testator devises a fee, but upon the happening of a particular event limits the inheritance over to another description of heirs. Such a limitation over can not take effect as a contingent remainder, because a fee cannot be limited after a fee." 1 Swift Dig., 145. A testator devised his estate to his daughter and her heirs and assigns forever, and if she died without issue living at the time of her death, then to T. B. and his heirs. It was held, that the whole fee being given to the daughter and her heirs, no further remainder over could be limited upon that fee, and therefore the estate given to T. B. was a new fee limited upon a contingency as an executory devise. *Barnfield* v. *Welton*, 2 Bos. & Pul., 324. Bouvier, in his Law Dictionary, under the head of Executory Devise says: "An executory devise differs from a remainder in three very material respects. * * By it a fee simple or other less estate may be limited after a fee." The same principle is stated by Kent in the fourth volume of his Commentaries, 269, and by Blackstone in the second volume of his Commentaries, 172.

The will in question, in the first place, gives the fee simple to the children of Mrs. Denman if she should leave

any surviving her; but in case she leaves no surviving children, then the fee simple is given to the other children of the testator, or their issue, as the case may be in regard to survivorship. Manifestly, a fee is here limited after a fee, which, according to the authorities, cannot be done otherwise than by executory devise. Blackstone (2 Com., 172,) says: "An executory devise of lands is such a disposition of them by will that thereby no estate vests at the death of the devisor, but only on some future contingency." Swift (1 Dig., 144,) says: "Executory devises may be defined to be such a disposition of lands in a will, that no estate vests at the death of the testator, but on some future contingency." Bouvier (Law Dict., *Ex. Devise*,) says: "By the executory devise no estate vests at the death of the devisor or testator, but only on the future contingency." In the case of *Inglis* v. *Trustees of the Sailors' Snug Harbor*, 3 Pet., 99, the court say: "A valid executory devise is such a disposition of lands that thereby no estate vests at the death of the devisor, but only on some future contingency."

It follows, therefore, that no estate vested in the other children of the testator or their issue until the happening of the contingency, to wit, the death of Mrs. Denman without children surviving her. And indeed the very terms of the will itself make it clear that no estate could vest before the happening of that event, for until the death of Mrs. Denman without children surviving her it was altogether uncertain where the contingent interest would be carried by the will. If Charles Atwater had had children and grandchildren during the life of Mrs. Denman, no one could tell which of the three generations would take under the will upon the happening of the contingency limiting the estate to some one of them. Charles Atwater's chances, perhaps, might be regarded as better than those of the others, for he stood first in the order of beneficiaries named in the will. If he survived the contingency, he would take. If he did not, but had children who survived, they would take; and so in respect to the grandchildren. Hence the terms of the

will carry the estate along to the death of Mrs. Denman, without children surviving her, in order to ascertain where the contingent interest will then vest.

Again, suppose that Mrs. Denman had had a son grown to manhood during her life, and during her life he had been put into bankruptcy under the United States bankrupt act. Clearly his assignee in bankruptcy would have taken his interest in the estate. Suppose that during the same time Charles Atwater had had a son grown to manhood who likewise had been put into bankruptcy at the same time that his father became bankrupt, would his assignee have taken an interest in the estate? It is said that his father's assignee took such interest, and if so why would not the son's assignee have taken the same interest? He was but one step farther removed in the order of beneficiaries, and hardly that, for, being younger, there was more probability of his surviving the death of Mrs. Denman without children than there was that his father would so survive. At all events, if his father's assignee took an interest in the estate, no good reason could be given why his assignee would not have taken the same interest; and there would exist the strange anomaly of the same interest being taken by three different assignees in bankruptcy on three different estates.

Again, if the contingent interest vested in Charles Atwater on the death of the testator, it was the subject of inheritance, and it would make no difference whether Charles Atwater should die before or after the death of Mrs. Denman without children; whereas the will expressly provides that the contingent interest shall go directly to the children or grandchildren of Charles Atwater, as the case may be, in the event of his dying before the death of Mrs. Denman without children surviving her. This would seem decisive of the question. By the terms of the will the children of deceased children of the testator take nothing by inheritance of their deceased parent. If they take at all they must take directly from the testator through his will.

The case has been argued by the trustees in bankruptcy

as though the will provided that in case Mrs. Denman should die leaving no children, the estate was then to go "to my other children," which would present a very different question from the one at bar. In that case the persons to take would be certain, and the event only uncertain. But here there is uncertainty both as to the persons to take and the event to happen.

The cases in Massachusetts have been relied upon by the trustees in bankruptcy in support of their views of the case. But it will be found upon an examination of the cases that none of them conflict with the views here expressed, except that of *Dunn* v. *Sargent*, 101 Mass., 336. In that case the will was similar to the one in question. It is a singular fact in the case that neither the construction of the will nor the rights of the parties under it were at all involved in the decision of the case before the court; but still the learned court, in a brief way, gave a construction to the will. They hold that parties, standing in the relation of "my other children" in the case at bar, had, during the life of the life tenant, "a vested interest in a contingent remainder." But this result was reached by holding that the persons to take were certain on the death of the testatrix. They say:—"The persons to whom these interests were bequeathed were ascertained at the death of the testatrix; for they were her own children and named in the will."

We think the persons who should take the contingent interest in the case at bar were not ascertained or ascertainable on the death of the testator, but only on the happening of the contingency. The phrase, "the children of such as are deceased, whether of children or grandchildren, to take the share which their deceased parents would have had," has reference to the death of Mrs Denman without children surviving her.

We think, therefore, that no estate vested in Charles Atwater, Jr., before the death of Mrs. Denman, and that consequently no estate passed to his assignees in bank ruptcy by the bankrupt proceedings.

We therefore answer the first question presented for our consideration, by saying that Charles Atwater, Jr., is entitled to one fourth part of the trust fund created by the fifth section of the will of Charles Atwater, from which a proper deduction should be made for his indebtedness to the fund.

We answer the second question by saying that the plaintiff and Mr. Bigelow, as trustees in bankruptcy, are not entitled to any portion of the trust fund.

The fourth question we answer by saying, that Lucy R. Elmes's portion of the fund should be paid to her trustee in trust for her.

And the fifth question by saying that the portion of the trust fund which belongs to the children of Elizabeth Charnley, deceased, should be paid to their trustee in trust for them.

We advise the Superior Court to render judgment in accordance with these views.

In this opinion the other judges concurred.