WILLIAM A. BECKLEY, TRUSTEE, vs. WILLIAM LEFFING-
WELL AND OTHERS.

New Haven Co., Dec. T., 1888. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

A testator bequeathed estate to trustees " for the use of my son E for life,
and if he should have children, to them and their heirs forever; but if
he should have no children, then at his decease to go equally to my
grandchildren, their heirs and assigns forever." E died after the testa-
tor, having had no children. There were several grandchildren at the
testator's death. Held that the grandchildren took as a class a vested
contingent remainder at the death of the testator, subject to be divested
by the birth of a child to E, and that the class opened to let in after-
born grandchildren.
Whether an executory devise may in any case so far vest as to be a trans-
missible and devisable interest during the continuance of the first
estate: Quære.

[Argued December 4th, 1888—decided February 15th, 1889.]

SUIT for the construction of the will of William Leffing-
well; brought to the Superior Court in New Haven County.
Facts found and case reserved for advice. The case is fully
stated in the opinion.

*O. S. White*, for the plaintiff.

*H. E. Pardee*, with whom was *A. McC. Mathewson*, for Emily G. W. and Lucy A. Leffingwell.

*H. Stoddard* and *J. W. Bristol*, for Augustus R. S. Foote and others, claiming transmissible interests in the grand-children of the testator.

*S. E. Baldwin*, for Sarah B. Leffingwell and others, grand-children of the testator and children of Lucius W. Leffing-well.

CARPENTER, J. The testator died in 1834. He left a will in which is the following provision:—" To Roger Sherman Baldwin, Samuel J. Hitchcock and Henry White, Esqrs., and to the survivor and survivors of them, I give and devise, in trust for the use of my son Edward H. Leffingwell during his natural life, [certain property, describing it;] and if said Edward H. should have children begotten in wedlock, to descend to them and their heirs forever, share and share alike. If he should have no children, then at his decease to go to my grandchildren, their heirs and assigns forever, share and share alike."

Edward H. Leffingwell died in 1888, never having had any children. When the will was made, and at the time of his death, the testator had fifteen grandchildren, and two were subsequently born. Nine of these grandchildren died during the lifetime of Edward H., four of whom left issue surviving, and five left no issue. The question is—whether those who survived Edward H. take to the exclusion of the others, or whether the representatives of the deceased grandchildren take the share which their deceased parents would have taken. Another form of stating the question is—did the estate vest at the death of the testator, or not till the death of the life tenant?

It is agreed that the grandchildren take as a class, and that the class opened to let in those subsequently born.

It is contended in behalf of the survivors, that the devisees take an executory devise, and that it was of such a nature that it did not vest until the determination of the life estate. On the other hand it is claimed that it was a vested contingent remainder,—or at least that it was of such a nature that an interest vested in the devisees, and that the interest was transmissible and devisable.

Was it an executory devise? Those who maintain the affirmative cite and rely on *Bristol* v. *Atwater*, 50 Conn., 402. A superficial view of that case seems to support that claim, but a more careful consideration of it leads to a different conclusion.

That case was decided on two grounds:—that the estate given to the executors as trustees was a fee, and that the limitation over to Charles Atwater and others was a fee limited upon a fee, and so was an executory devise, which could not vest until the termination of the prior estate; and secondly, that the persons who were then to take were uncertain, and could not be known until the death of the life tenant, Mrs. Denman.

The language of the will is—"I give and devise to my executors in trust for my daughter, Sarah Denman," to pay over the income to her during life, etc. The gift is general, and not in terms limited to the life of Sarah Denman, while in the present case the gift to trustees is an estate for the life of Edward H. Leffingwell. In *Bristol* v. *Atwater* the trustees are authorized to advance from time to time so much of the principal as may in their judgment be necessary for her comfortable support. It was legally possible that all the principal might be required for that purpose; and that is some evidence that a fee was intended. In this case there is no such provision, and a life estate is all that the trust requires.

In *Bristol* v. *Atwater* the limitation over is in these words: —" But if she leaves no children, then to my other children, or their issue, in equal shares; the children of such as are deceased, whether of children or grandchildren, to take the share which their deceased parent would have had." Under this clause,

had Charles Atwater died during the lifetime of Sarah Denman, his children or grandchildren as the case might have been, would have taken directly from the testator as devisees, and not from Charles Atwater as heirs. Therefore the persons who were to take could not be ascertained until the death of the life tenant. This point is clearly shown in the opinion. Whether the gift over is regarded as an executory devise or a contingent remainder, the contingency is of such a character that no interest vested in Charles Atwater until the death of Mrs. Denman.

In this case the gift over is to the grandchildren, their heirs and assigns forever. The class was definite and certain, and was in existence when the testator died. The contingency attached, not to the devisees as a class, but to the event of Edward H. Leffingwell dying without having had issue. The question was, which one of two alternative classes will take in possession? Both could not.

When a gift is to two persons or classes of persons in the alternative, it being uncertain which will take, we suppose each will take a contingent interest, liable to divest on the happening or not happening of the contingency on which it depends. In this case however only one of the two alternate classes was in being—the grandchildren generally. We are of the opinion that that class took the whole interest at the death of the testator, not as an executory devise, but as a contingent remainder, subject to be divested by a condition subsequent, the birth of a child to Edward H. Leffingwell.

This view of the case renders it unnecessary to consider whether an executory devise may, in any case, so far vest as to be a transmissible and devisable interest during the continuance of the first estate. Some of the cases cited seem to place a certain class of executory devises and contingent remainders, so far as transmissible qualities are concerned, upon the same footing, thus partially abolishing the distinction between them, and greatly simplifying a perplexing portion of the common law. The principal distinction left is that between a mere expectancy and a present interest, contingent or absolute, with the right of possession post-

poned.    Whether we can or ought to follow those decisions in all cases is a question we will not now undertake to decide.

The Superior Court is advised that the trustees took a life estate; that the grandchildren took, as a class, a vested contingent remainder on the death of the testator; and that the class opened to let in after-born grandchildren.

In this opinion the other judges concurred.