GEORGE S. TINGLEY, Administrator, *vs.* ABBIE M. HARRIS *et al.*

PROVIDENCE—MAY 6, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A bequest of personal estate to a donee for life with remainder to his children and descendants, and, if he die without issue, remainder over to others named, vests in the donee a life estate therein, and, if he die childless, his widow and next of kin are not entitled to share in its distribution.

Under a bequest to children of A., contingent upon the death of B. without issue, only such of those children who are living when the gift takes effect receive the estate given.

In such case the descendants of children who deceased before the death of B. do not share in the gift.

BILL IN EQUITY for the construction of a will.

MATTESON, C. J. This is a bill for instructions involving the construction of the will of Polly Metcalf, late of Cumberland, deceased, the material portions of which, for the purposes of the present inquiry, are as follows:

"Secondly I give, devise and bequeath to my son Roscoe D. Metcalf, all the rents, profits, income, dividends and interest arising from or out of all my real and personal estate . . . . to have and to hold the same for and during the term of his natural life, said real estate after his decease to become the sole property of his children and their descendants, if any there be living at the time of his decease, the balance and remainder of said personal estate to descend in the same manner as said real estate is to descend. . . . .

Fourthly. In case my said son shall die without issue born alive and living at his decease, I give, devise and bequeath the residue and remainder of all my real estate and

personal estate to the children of my sister Alpha Osborn, widow of the Reverend Van Ranselier Osborn, deceased."

Roscoe D. Metcalf, the son of the testatrix, died August 16, 1896, leaving a widow, Polly Metcalf, but no children or their descendants, no child having been born to him. Alpha Osborn, sister of the testatrix, had four children, to wit, Wilbur F., Mary E., Sarah D., and Charles W. Osborn, all of whom were living at the death of the testatrix, but two of whom, Wilbur F. and Charles W., died before the death of Roscoe Metcalf, the life tenant, the former leaving a widow and one daughter still living, and the latter six children, all of whom are also living. Mary E., now Mary E. Van Ness, and Sarah D., now Sarah D. Snow, are still living.

The bill states that the complainant is advised that whatever property is distributed under the fourth clause must be divided into four equal shares, and that each child of Alpha Osborn, or such child's representatives, will take one of these shares ; but that he is further advised that the widow of Wilbur F. Osborn will not take dower in real estate which comes to the estate of her deceased husband after his death ; that question has arisen (1) as to whether the whole estate, both real and personal, should be apportioned and distributed under the fourth clause, or whether the personalty should be distributed among the next of kin of Roscoe D. Metcalf and his widow, Polly Metcalf, and (2) whether the widow of Wilbur F. Osborn will take a distributive share in the personalty.

We do not see that the complainant as administrator is concerned in the questions which arise respecting the descent of the real estate, and, therefore, we shall consider these only so far as is made necessary by the language of the will, which provides that " the balance and remainder of the said personal estate," on the determination of the life estate of Roscoe D. Metcalf therein, "shall descend in the same manner as said real estate is to descend."

The query as to whether the personalty ought not to be distributed among the next of kin of Roscoe D. Metcalf, the life tenant, and his widow, Polly Metcalf, rests on the assumption that the effect of the will was to create an estate tail in

the life tenant in the realty, and that consequently he took an absolute interest in the personalty, in accordance with the well established rule that a limitation which creates an estate tail as to realty vests an absolute estate in personalty, and hence that Roscoe D. Metcalf took not merely a life estate in the personalty but an absolute interest. It will be noticed, however, that the language of the limitation is not the strict technical language employed to create an estate tail, to wit, a gift to the donee for life with a remainder to the heirs of his body, but is to the donee for life with a remainder to his children and descendants, if any, living at his decease, &c. Though in the case of strict technical limitations to create an estate tail the rule that an absolute estate in personalty is created by such limitation would probably be followed, on the principle of *stare decisis*, the courts in their later decisions have manifested a tendency in case of other limitations to carry out the intention of the testator, and not to give an absolute interest in the personalty to the first taker. Gray, Rule against Perpetuities, 389, note and cases cited.

But the matter in this State has not been left to judicial decision alone. The statute of wills, Gen. Stat. R. I. cap. 171, § 2, in force at the execution and probate of the will, provides that "a devise for life to any person and to the children or issue generally of such devisee, in fee simple, shall not vest a fee tail estate in the first devisee, but an estate for life only, and the remainder shall, on his decease, vest in his children or issue generally, agreeably to the direction of such will."

It is clear, then, that, under this provision of the statute, Roscoe Metcalf took merely an estate for life in the personalty. It follows that his widow and next of kin are not entitled to share in its distribution, and that, as he died childless, it passed, under the fourth clause of the will, to the children of Alpha Osborn, the sister of the testatrix. As, however, the gift to these children was contingent, since it could not be known until the death of Roscoe Metcalf that he would "die without issue born alive and living at his decease," and as the gift is restricted to the children of Alpha Osborn and does not extend to the descendants of children, those children

only of Alpha Osborn who were living when it took effect, to wit, at the determination of the life estate, took any share of the estate. It follows that the personal estate in the hands of the complainant is to be divided between the said Mary E. Van Ness and said Sarah D. Snow.

*Lellan J. Tuck,* for complainant.