GEORGE P. INGERSOLL, ADMINISTRATOR, *vs.* JUSTINE H.
INGERSOLL ET AL.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Executory devises of personal property and contingent remainders are
governed by the same rules, so far as their alienation or transmis-
sion is concerned.

The death of an executory devisee before the contingency has occurred
upon which his right to ultimate enjoyment may depend, does not
prevent the gift from becoming part of his estate, unless his survi-
val until the termination of the prior estate is made a condition
precedent to his taking any benefit from it.

A testatrix gave one third of her residuary estate, consisting of personal
property, to *A* for life, and at his decease to *B* in fee, if then living,
otherwise to *C* and *D* in equal parts.    *B* and *C* died before *A*, but
*D* survived.    In a suit to construe the will it was *held :* —

1. That upon the death of the testatrix, *C* and *D* each took a vested
interest by way of executory devise, in one sixth of the residue,
which became indefeasible upon *B's* death during the lifetime
of *A*.

2. That as to *C's* share it was immaterial whether *C* survived *B* or not.

Submitted on briefs November 1st—decided December 16th, 1904.

SUIT to determine the construction of the will of Harriet Voorhees of New Haven, deceased, brought to and reserved by the Superior Court in New Haven County, *George W. Wheeler, J.*, upon the facts stated in the complaint, for the advice of this court.

The clause in question related to part of the residuary estate, which consisted wholly of personal property, and read as follows: —

"The remaining third part I give, devise, and bequeath to my niece, Mary I. Linzee, to be by her used and enjoyed during her natural life, and upon her decease I give, devise, and bequeath the same to my nephew, Charles R. Ingersoll if then living; if not, then to be equally divided between my niece, Suzette L. Ingersoll, and my grand-niece, Justine H. Ingersoll."

Neither Charles R. Ingersoll nor Suzette L. Ingersoll, survived Miss Linzee. Maud E. Hayes was duly appointed administratrix with the will annexed upon the estate of Suzette L. Ingersoll.

*Louis H. Bristol*, for George P. Ingersoll, Admr.

*Henry Stoddard*, for Justine H. Ingersoll.

*James T. Moran*, for Colin McR. Ingersoll, Admr.

*George D. Watrous, Harry G. Day* and *Eliot Watrous*, for Maud E. Hayes, Admx.

BALDWIN, J. The will before us creates an executory devise in favor of Charles R. Ingersoll, his enjoyment of which was dependent upon his surviving Miss Linzee, and an executory devise in favor of Suzette L. and Justine H. Ingersoll, whose enjoyment of which would be defeated by his surviving her.

Executory devises of personal property and contingent remainders are governed by the same rules, so far as concerns their alienation or transmission. 2 Redfield on Wills, *271; *St. John* v. *Dann*, 66 Conn. 401, 409. Upon the death of one in whose favor either may have been created, although the contingency has not occurred on which his right to ultimate enjoyment may depend, it will form part of his estate, unless his survival until the termination of the prior estate is a condition of his taking any benefit from it, and a condition precedent. 4 Kent's Comm., 261; Hawkins on the Construction of Wills, *223; *Johnson* v. *Edmond*, 65 Conn. 492, 499; *Mallory* v. *Mallory*, 72 id. 494; *Security Co.* v. *Hardenburgh*, 53 id. 169; Fearne on Contingent Remainders, 444, 445, 554; *Barnes* v. *Allen*, 1 Brown's Ch. Rep. s. p. 181; *Jones* v. *Roe*, 3 Term, 88; *Medley* v. *Medley*, 81 Va. 265.

Upon the death of Mrs. Voorhees, Suzette L. and Justine H. Ingersoll each took a vested interest by way of executory devise, defeasible on the contingency of the survival of Miss Linzee by Charles R. Ingersoll. *Austin* v. *Bristol*, 40 Conn. 120, 135.

Each of the executory devises in question was to a certain person, but contingent on the happening of an uncertain event. That to Charles R. Ingersoll hung on the condition precedent of his surviving Miss Linzee, and during her life he could have no transmissible interest. That to Suzette L. Ingersoll was defeasible on the contingency of his surviving Miss Linzee, but was not dependent on Suzette surviving him. *Bristol* v. *Atwater*, 50 Conn. 402, 409. It follows that upon Suzette's death it became part of her estate.

The Superior Court is advised that half the fund in controversy belongs to Justine H. Ingersoll, and half to Maud E. Hayes as administratrix *cum testamento annexo*.

No costs will be taxed in this court for or against either party.

In this opinion the other judges concurred.