THOMAS L. NORTON, ADMINISTRATOR, vs. LUCY E. MORTENSEN ET ALS.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, WHEELER, BEACH and GREENE, JS.

Unless otherwise directed or indicated in the will, a gift in remainder to the children of the testator vests in them in point of right upon his death, though their right of possession be postponed, as in the present case, to the termination of the preceding life estate.

Such vested interest becomes a transmissible and indefeasible estate in each of the children who survive the testator, irrespective of whether he or she survives the life tenant or not.

While a gift to "the children" of a testator is in a sense a gift to a class, in that it is one to persons described and not named, the legatees nevertheless do not take as joint tenants with the right of survivorship, unless the will so directs, but as tenants in common.

The law favors an early vesting of estates left by will.

Argued January 6th—decided March 5th, 1914.

SUIT to determine the construction of the will of Sidney P. Ensign of Salisbury, deceased, brought to and reserved by the Superior Court in Litchfield County, *Curtis, J.*, for the advice of this court.

Sidney P. Ensign, late of Salisbury, died July 24th, 1896, leaving both real and personal estate and a will

duly probated. By this will he gave the life use of all his property to his wife, Jane E. Ensign, with a limitation over expressed as follows: "Upon the decease of my said wife I give and devise and bequeath all my estate unto my children to be equally divided between them, share and share alike." He was survived by his wife and three daughters. Mrs. Ensign died December 29th, 1911. When the will was executed Mr. Ensign was sixty-two years of age and Mrs. Ensign fifty-eight, and the three daughters who survived him were his then only children. One of the daughters, Clarinda, was then married and had five children. She died January 15th, 1899. The other two, Harriette and Lucy, were unmarried. Harriette died intestate and unmarried on May 9th, 1908. Lucy still survives, being now, by marriage, Mrs. Augustus Mortensen.

At the time of the execution of the will Mr. Ensign was on terms of love and affection with all of his daughters and grandchildren. Clarinda, the mother of these grandchildren, resided in the next house to the testator's. The plaintiff, as administrator d. b. n. of the testator's estate, asks for advice as to the distribution of the estate in his hands ready for distribution.

*Howard F. Landon,* for the plaintiff.

*John F. Addis,* for the estate of Harriette P. Ensign.

*J. Clinton Roraback,* for the estate of Jane E. Ensign.

*Frederic M. Williams,* for Lucy E. Mortensen.

*Leonard J. Nickerson,* for the heirs of Clarinda H. Fenton.

PRENTICE, C. J. Mrs. Mortensen, as the only child of the testator who survived her mother, the life tenant,

claims to.be entitled to receive from the plaintiff, as administrator of her father's estate, all of the property now in his hands for distribution. She contends that the gift over to the testator's children was one to a class, and that, since the vesting in enjoyment and possession was postponed to the death of the life tenant, the membership of the class was to be determined as of that time. Here are two independent propositions. The first is well made, in that the gift is one to a class in the sense that it is not one to persons nominatim, but designated by a general description. The second, touching the determination of the persons designated, is one not infrequently found in the text-books and cases. Schouler on Wills (3d Ed.) § 532; *Tingley* v. *Harris*, 20 R. I. 517, 519, 40 Atl. 346; *Matter of Baer*, 147 N. Y. 348, 353, 41 N. E. 702. Gardner, in his work on Wills, p. 447, expresses it as follows: "When a testamentary disposition is made to a class, and possession is postponed, it includes all persons within the class at the time to which possession is postponed, and excludes those who are not in existence at the time of the distribution."

We have no occasion to inquire as to either the correctness or the true meaning and interpretation of this asserted principle of construction. It is sufficient for present purposes to note that those who assert it recognize that it has its exceptions. Gardner, for instance, having stated the rule as above, immediately proceeds to add that it is subject to two exceptions. One of these is where the limitation over is to the heirs of the testator, as was the case in *Allen* v. *Almy*, 87 Conn. 517, 89 Atl. 205. He states the other as follows: "Where the limitation over is to children, either of the testator or the first taker, it will embrace both those who are in existence at the death of the testator, and such as may subsequently come into being before the period of distribution." p. 447. Later on he says, more broadly,

that "where there is a limitation over to children, either of the holder of the previous estate or of another, the class includes both children living at the death of the testator and those who subsequently come into being before the arrival of the time for distribution," adding that "the remainder vests in the children alive at the death of the testator, subject to open and let in after-born children."  p. 452.

Whether the rule as last stated be regarded as an exception to some other rule or an independent one, it has received general recognition as one which leads to the early vesting of estates, which the law highly favors, and at the same time effectuates the presumptive intent of the testator under the circumstances, where no other indication of that intent appears in the will as read in the light of the surrounding circumstances.  Jarman's more extended statement of it is as follows: "Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift would embrace not only the objects living at the death of the testator, *but all who may subsequently come into existence before the period of distribution. . . .*  In cases falling within this rule, the children, if any, living at the death of the testator, take an immediately vested interest in their shares, subject to the diminution of those shares (i. e. to their being divested pro tanto), as the number of objects is augmented by future births, during the life of the tenant for life; and, consequently, on the death of any of the children during the life of the tenant for life, their shares (if their interest therein is transmissible) devolve to their respective representatives; though the rule is sometimes inaccurately stated, as if existence at the period of distribution was essential."  2 Jarman on Wills (6th Ed.) 1667.  To the same effect see 2 Underhill on Wills, § 558; Theobald on Wills

(7th Ed.) 312; Page on Wills, p. 635; 2 Washburn on Real Property (6th Ed.) § 1596; and 2 Reeves on Real Property, § 879. Among the cases supporting the proposition are *Middleton* v. *Messenger*, 5 Ves. Jr. 136; *Doe* v. *Considine*, 73 U. S. (6 Wall.) 458, 475; *Minnig* v. *Batdorff*, 5 Pa. St. 503, 505; *Stevenson* v. *Lesley*, 70 N. Y. 512, 517; *Yeaton* v. *Roberts*, 28 N. H. 459, 467; *Arnold* v. *Arnold*, 50 Ky. (11 B. Mon.) 81, 91; *Lombard* v. *Willis*, 147 Mass. 13, 14, 16 N. E. 737.

We have upon several occasions given full effect to this canon of construction.

In *Dale* v. *White*, 33 Conn. 294, 295, there was a gift to the children of the testator's two daughters, named, "that they now have or hereafter may have, to be equally divided between all my grandchildren when the youngest shall become of age." One of the daughters had five children, all of whom were living at the testator's death and at the time of distribution. The other daughter had two children living at the testator's death, and subsequently had four more, two of whom had died at the time of distribution. One of these two was the youngest grandchild, and he died before coming of age; the other died before him. We held that the legacy vested at the death of the testator, and not at the time of distribution; that the after-born grandchildren should be admitted to share; and, accordingly, that the fund was to be divided into parts equal in number to the whole number of grandchildren living and dead. We said (p. 296): "It is a well settled rule of construction that a legacy given to a person or a class, to be paid or divided at a future time, takes effect in point of right on the death of the testator. In such case the contingency attaches, not to the substance of the gift, but to the time of payment."

In *Austin* v. *Bristol*, 40 Conn. 120, there was a gift over, after a life estate, to such of the testator's children

as might be living at the time of the life tenant's death and to the issue of those who were deceased, to be equally divided between them, the issue of any deceased child to take *per stirpes*. One child of the testator predeceased him, leaving a child who survived him, but died before the life tenant. It was held that the grandchild took an immediately vested estate, which was not defeated by her death before the life tenant, but accrued to the benefit of her estate.

In *Beckley* v. *Leffingwell*, 57 Conn. 163, 17 Atl. 766, there was a gift over, after a life estate, to the children of the life tenant, if any; if not, to the testator's grandchildren. The life tenant died after the testator, having had no children. At the testator's death fifteen grandchildren were living; two were subsequently born. Nine of the seventeen died before the life tenant, four of them leaving issue, and five none. The claim was made that the grandchildren who survived the life tenant took to the exclusion of the representatives of the deceased grandchildren. We held that the estate vested at the death of the testator in the grandchildren as a class, that this class opened to let in those subsequently born, and that the representatives of the deceased grandchildren were entitled to take the share which the deceased would have taken had they survived.

In *Johnson* v. *Webber*, 65 Conn. 501, 513, 33 Atl. 506, there was a limitation over to the children of two named granddaughters to take effect in enjoyment upon the decease of the last surviving granddaughter. Two great-grandchildren were living when the testator died; two were born later. All four outlived both granddaughters. We held that the gift to the great-grandchildren was one which vested in them as a class, that it vested in point of right at the death of the testatrix in the then two members constituting the class, and in those after born as soon as born, subject to being

defeated as to any of them by death before that of the surviving granddaughter, if a provision in the will for a gift over in such contingency was valid, a matter which the court had no occasion to determine. There was no suggestion of a defeat by any other means than through the operation of the will provision. As all of the great-granddaughters were alive, there was no occasion to deal with the right of representatives of one deceased further than was inferentially done in the conclusion stated.

In the following cases the gift over was held to have vested in the members of the class at the death of the testator and in after-born persons answering the class description as soon as born. *Jones Appeal,* 48 Conn. 60, 67; *Farnam* v. *Farnam,* 53 Conn. 261, 278, 2 Atl. 325, 5 id. 682; *Mitchell* v. *Mitchell,* 73 Conn. 303, 307, 47 Atl. 325. In these cases either all of the members of the class had survived at the time of distribution, or express provision for the contingency of the prior death of a member was made in the will.

We know of no case in this jurisdiction where, the gift over being to children either of the testator or of any other person or persons, it has been held, in the absence of provision of the will to that effect, that the death of one of them after the testator's and before the termination of the particular estate or the time of distribution operated to diminish the number of shares into which the fund was to be divided, or that the membership of the class of takers was to be confined to those then living. The expression in *Belfield* v. *Booth,* 63 Conn. 299, 304, 27 Atl. 585, which has been quoted as being to that effect, countenances no such principle. The statement referred to was made upon the strength of the express provision of the will limiting the takers to those who should be living when the division was made.

Where the limitation over is, as here, to the children

of the testator, with the right of enjoyment postponed, and not to the children of some other person, the reason for the nonexclusion from the class of beneficial takers of any child who survived the testator, or its legal representatives, unless the intent that there be such exclusion is clearly expressed by the testator, is especially strong. In such case an enlargement of the class is impossible, since a deceased can have no children not either born or conceived, and a child *en ventre sa mere* will be considered in being from the time of its conception, where it will be for its benefit to be so considered. *Cowles* v. *Cowles,* 56 Conn. 240, 247, 13 Atl. 414. There is every reason why a remainder gift to the children of the testator, designated by description only, should, under ordinary conditions, and in the absence of other indications of a contrary intent than arise from a mere postponement of enjoyment, be regarded as one which, immediately upon the death of the testator, vests an indefeasible estate in his children then in being. With the effect of our statute (General Statutes, § 296) in the case of a child which predeceased the testator, we have no present concern, except as it is indicative of the policy of our law.

The rule above stated is, of course, one of presumption only. If a contrary intent has been sufficiently expressed in the will, that intent will, in this as in all other matters of testamentary construction, govern.

This will is altogether barren of provision or expression indicative of such contrary intent, and the circumstances surrounding the testator are equally barren of suggestion of his having harbored such intent, to say nothing of his expression of it. On the contrary, it is scarcely conceivable that he could have entertained any desire that survival until the death of his wife should be a controlling factor in determining the extent of his benefactions in favor of his children and their issue, all,

in so far as appears, equally near and dear to him. It would be strange indeed if the uncertainty of results which would attend such a disposition of his property, and the possibilities inhering in it, were within his testamentary scheme, upon its face so simple and so equal in its treatment of the natural objects of his bounty.

The use by the testator of the expression "upon the decease of my said wife," in connection with the gift of the remainder, is not indicative of an intent to postpone the vesting in right. Of this formula we have heretofore had occasion to say that it is construed to relate to the time of taking effect in possession and not to the time of taking effect in interest. *Austin* v. *Bristol*, 40 Conn. 120, 133; *Johnson* v. *Edmond*, 65 Conn. 492, 499, 33 Atl. 503.

Counsel for Mrs. Mortensen make no claim on her behalf, as the last survivor of the testator's three children, based upon the asserted creation by the will of an estate in joint tenancy in the members of the class with the incident of survivorship. In *Allen* v. *Almy*, 87 Conn. 517, 89 Atl. 205, we had recent occasion to show that such claim, if made, would have been untenable.

The Superior Court is advised that the limitation over upon the death of Jane E. Ensign gave to each of the testator's children who survived him, to wit: Clarinda H. Fenton, Harriette P. Ensign, and Lucy Ensign, now Lucy E. Mortensen, a vested transmissible and indefeasible estate in fee in and to one third of the testator's estate, subject only to the life estate of Jane E. Ensign, and that such estate in each of said children was not contingent upon her surviving said Jane E. Ensign, or defeated by her not so surviving.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.