## Floyd B. Bartram, Trustee, *vs.* Julia Adams Powell et als.

Third Judicial District, New Haven, January Term, 1914.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

The law favors vested estates, and accordingly a bequest or devise to the children of the testator, or to the children of any other person or persons, upon the termination of a preceding life estate, will, in the absence of a clear intent to the contrary, be construed as a class gift, vesting at once in point of interest in each child who survives the testator, but opening to let in after-born children until the time of enjoyment or distribution arrives.

This rule or principle of construction is equally applicable whether the limitation over is preceded by one or by several life estates; nor is it affected by the fact that the gift over, in remainder, is in the alternative.

In the present case a testator, who died in 1884, gave property, first to his wife for her life, then to his son for his life, with remainder in fee to the son's lawful surviving issue, if any, and if none, then to the children of A and of B, to be equally divided between them. The son died in 1901, childless, and the widow ten years later. Of the nine children of A and B who were alive at the testator's death, only one outlived the widow, and this one, as the sole survivor of the class, claimed the entire property. *Held:*—

1. That upon the testator's death each one of the nine children took a vested interest in the property, the use or enjoyment of which was postponed until the termination of the antecedent life estates.

2. That the gift to the son's surviving issue, if any, did not prevent the property from vesting in point of interest in the children of A and B under the alternative limitation to them.

3. That such interest, whether an executory devise or a contingent remainder, was alienable and transmissible, and passed, upon the death of each child, to his or her executors or administrators.

4. That such personal representatives of each deceased child, and not his or her heirs, were necessary parties to the suit, and should be made such before any final judgment could properly be rendered in the cause; but that inasmuch as the conclusion reached by this court gave to the estate of each child all that could possibly be claimed for it, there could be no impropriety in advising the court below as to what judgment should be rendered after the personal representatives had been made parties.

Argued January 20th—decided March 5th, 1914.

SUIT to determine the construction of the will of John W. Harms of Stamford, deceased, brought to and reserved by the Superior Court in Fairfield County, *Bennett, J.,* upon the facts alleged in the pleadings, for the advice of this court.

John W. Harms, late of Stamford, died October 3d, 1884, leaving a will, duly probated, made about three years earlier, and both real and personal estate. By the second paragraph of this will he gave to his wife, Jane F. Harms, all of his household furniture and one half of all the balance of his personal estate. In the third paragraph he devoted $5,000 of the remaining one half of his personal estate to a trust in favor of his son Charles during his natural life, with certain further provisions after the decease of Charles, no longer operative, and with which the reservation is not directly concerned. By the fourth paragraph he gave to his wife the life use of all his real estate in Stamford, and the use and income during her life of all of his personal property not already disposed of. The fifth and sixth paragraphs are as follows:—

"Fifth. Upon the decease of my said wife, I give to my said son, he surviving, the use and income of all the estate mentioned in the fourth clause of this my will, during his natural life, and at his death, I give the

said estate to his lawful issue if any he have, to be divided equally between them, share and share alike.

"Sixth. Upon the decease of my said wife and of my said son, he leaving no lawful issue surviving him, I dispose of all the estate mentioned in the third and fourth clause of this, my will, as follows: I give and bequeath the same to the children of Edwin Scofield, Jr., and Nathaniel E. Adams, of said Stamford, to be equally divided between them, share and share alike."

The son Charles died January 10th, 1901, leaving no issue and having never married. Mrs. Harms died September 23d, 1911. Edwin Scofield, Jr., and Nathaniel E. Adams married the testator's half-sisters. They, as well as their wives, were living at the time of the testator's death. Scofield then had five children and Adams four. No child was thereafter born to either of them. These children would have been the testator's only heirs at law and next of kin had his son Charles not survived him. At the time of Mrs. Harms' death the defendant Julia A. Powell, a daughter of Adams, was the only one of the nine children who was living. Of the other eight several had died without issue; one had died leaving a widow still living, but without issue surviving him; and three of them had died leaving issue still living. The plaintiff, as trustee under the will, has in his hands personal estate held by him for distribution under the provisions of paragraph six of the will. Mrs. Powell claims to be entitled to all of it as the sole member of the class, made up of the children of Scofield and Adams, who survived to the termination of the life estate of Mrs. Harms.

*Floyd B. Bartram*, for the plaintiff.

*Clement A. Fuller*, for George Elder Adams *et als.*

*William F. Tammany*, for Harriet M. Scofield.

*Ralph E. Brush,* for Julia Adams Powell.

*John E. Keeler,* with whom was *John C. Durey,* for Catherine Dixon *et als.*

PRENTICE, C. J.   The situation presented by this case is precisely similar to that in *Norton* v. *Mortensen, ante,* p. 28, 89 Atl. 882, except in three particulars, to wit: 1. Two life estates, instead of one, precede the gift over in fee which is in question.   2. The children in whose favor this gift over is made are not those of the testator but of other persons named.   3. There is an alternative gift over in fee upon condition, which gift takes such precedence of the one in question that, if the condition is satisfied, the beneficiaries of the preceding gift over will take the fee absolutely to the entire defeat of all interest under the other, whereas in the former case the gift over in fee was directly and unqualifiedly to the testator's children.

The rule of construction approved in the former case must, therefore, be controlling in the determination of the contentions here, unless some one or more of the changed conditions enumerated suffice to bring the situation out from under its application.   That rule was that where a will contains a limitation over to children, whether of the testator, the first taker, or other person, with the right of enjoyment or time of distribution postponed, it will, in the absence of a clear expression in the will of a contrary intent on the part of the testator, be construed as one to the children as a class, vesting in interest immediately upon the death of the testator, and embracing as its ultimate beneficiaries both those children who are in existence at the death of the testator and such as may subsequently come into being before the time of enjoyment or distribution arrives.

Bartram *v.* Powell.

It is apparent that the number of the preceding estates, which may have been carved out of the fee, if only no one of them is a fee, and a portion of the fee remains to be disposed of, is a matter of no importance. The two preceding estates here were life estates, and a remainder was left for disposition. We are concerned with the disposition of that remainder only.

The incident that the donees are children not of the testator but of other persons, does not take the situation out from the operation of the rule. It expressly contemplates such a class of children.

The fact that the will first provides for a limitation over after the two life estates to the lawful issue of Charles, if any, and then, in the event that he died without issue surviving, to the children of Scofield and Adams, is also one of no material consequence in its bearing upon the operation of the rule. The conditional gift to Charles' surviving issue, if any, did not prevent a vesting in interest in these children under the alternative limitation to them. With such favor does the law look upon a vested, as distinguished from a contingent, interest, that we, in common with other courts, have come to recognize a vesting in interest by way of a contingent remainder or executory devise. *Beckley* v. *Leffingwell,* 57 Conn. 163, 166, 17 Atl. 766; *Johnson* v. *Edmond,* 65 Conn. 492, 499, 33 Atl. 503; *Ingersoll* v. *Ingersoll,* 77 Conn. 408, 410, 59 Atl. 413; *Perry* v. *Bulkley,* 82 Conn. 158, 168, 72 Atl. 1014; *Carpenter* v. *Perkins,* 83 Conn. 11, 16, 74 Atl. 1062; *Allen* v. *Almy,* 87 Conn. 517, 89 Atl. 205; *Dunn* v. *Sargent,* 101 Mass. 336, 338; *Peterson's Appeal,* 88 Pa. St. 397, 402. "The term 'vested,' as applied to remainders, has unfortunately been used in English and American law with two meanings. It may signify simply a remainder so far vested as to be capable of alienation, and the subject of succession by inheritance. It may also signify a

remainder so absolutely vested that the remainder-man is certain to come into possession immediately upon the determination of the precedent estate." *Johnson* v. *Edmond,* 65 Conn. 492, 499, 33 Atl. 503.

We have no occasion to inquire whether the gift over to the children was in strictness a contingent remainder or an executory devise. The two are governed by the same rule so far as concerns their alienation or transmission. *Ingersoll* v. *Ingersoll,* 77 Conn. 408, 410, 59 Atl. 413. The important question for us is whether or not it vested so as to be alienable and transmissible by inheritance. The cases cited furnish the answer to this question. "Upon the death of one in whose favor either may have been created, although the contingency has not occurred on which his right to ultimate enjoyment may depend, it will form part of his estate, unless his survival until the termination of the prior estate is a condition of his taking any benefit from it, and a condition precedent." *Ingersoll* v. *Ingersoll,* 77 Conn. 408, 410, 59 Atl. 413.

In the case last cited application of this principle was made to conditions precisely like those before us. There was a gift over to one if living when the particular estate terminated, and if not, to others. We said that these last took a vested interest which was transmissible.

The cases cited from this jurisdiction all present situations similar in all material respects to those in this case. The first of them furnishes a good illustration of the others. There was a gift over after a life use in favor of a son to his children born in lawful wedlock, if any, and if none, to the testator's grandchildren. It was held that the grandchildren as a class took on the death of the testator a vested interest by way of contingent remainder (possibly inaptly described as a vested contingent remainder) subject to being divested

by the birth of a child to the son. *Beckley* v. *Leffingwell*, 57 Conn. 163, 17 Atl. 766. In the subsequent cases we held, what was not in that case expressly determined, that the interest so vested was an alienable and transmissible one.

It is scarcely necessary to add that there is in this will no indication of a testamentary intent that the property in question should be divided among those of the children only who survived to the termination of the particular life estates.

The preceding gift in remainder did not prevent a vesting in interest in the children of Scofield and Adams as a class, with the result indicated in the rule stated, to wit: that one ninth of the testator's estate in the plaintiff's hands for distribution under paragraph six belongs to Mrs. Powell and one ninth to the estate of each of the deceased children of Scofield and Adams.

The executors or administrators of these several estates are the only persons entitled to receive from the plaintiff the shares which would have gone to the respective children had they survived. The heirs of a deceased child are not entitled to take in his or her stead. Their rights to possession accrue only through proceedings in the Court of Probate, which, by possibility, may establish a prior right on the part of creditors. The proper representative of each estate, executor or administrator, should have been made a party. It was proper that the heirs of the deceased child should be cited in, but the legal representatives of the several estates are so far necessary parties that a final judgment ought not to be rendered without their presence, and that no judgment, adverse to any claim that might be urged in favor of the estates, can be rendered with binding effect. In the present case our conclusion gives to the several estates all that could be claimed for them, and we have therefore consented to take the course pur-

sued in *White* v. *Smith*, 87 Conn. 663, 89 Atl. 272, under similar conditions, and send down our advice to the Superior Court, leaving it to see that the proper steps are taken before final judgment is entered up.

The Superior Court is advised that the limitation over to the children of Edwin Scofield, Jr., and Nathaniel E. Adams, contained in paragraph six of the will, vested in the children of said Scofield and Adams who were alive at the time of the death of the testator, John W. Harms, and that the defendant Julia A. Powell and the legal representative of each of said children who are now deceased are each entitled to receive from the plaintiff a one-ninth portion of the property in his hands in satisfaction of the provisions of said paragraph sixth.

No costs in this court will be taxed in favor of any party.

In this opinion the other judges concurred.