ELFORD P. TROWBRIDGE ET AL., TRUSTEES (ESTATE OF WINSTON J. TROWBRIDGE) *vs.* GEORGE H. TOWNSEND ET AL.

Third Judicial District, New Haven, June Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 12th—decided July 31st, 1930.

108

*James E. Wheeler,* for the plaintiffs.

*George D. Watrous,* for the defendant George H. Townsend.

*J. Dwight Dana,* with whom, on the brief was *Huntington T. Day,* for the defendant Huntington T. Day, administrator.

*Leonard M. Daggett,* for the defendant Constance Kellogg.

*William R. Pitkin,* for the defendants Margaret Marsh and Mary Marsh.

*J. Birney Tuttle,* for the defendant May T. Parks.

WHEELER, C. J. Several things are noticeable in the language of this will about whose construction the contest in this action arises. Since this concerns the share in the remainder given each daughter we confine our advice to the disposition of the questions concerning these.

The testator gives in trust for each daughter the use for life of a one-sixth share of the residue of his estate and then orders his trustees to "pay over and deliver" the share of each deceased daughter leaving children, to such children to be equally divided between them. "To pay over and deliver" means in this connection to transfer the share of the deceased daughter to her children, in this case to transfer the share in which Mrs. Townsend had a life use to the children. We held the word "pay," in the will under construction in *Clark's Appeal,* 70 Conn. 195, 216, 39 Atl. 155, was used for "transfer." *Neblett* v. *Smith,* 142 Va. 840,

853, 128 S. E. 247; *Good* v. *Montgomery,* 119 Cal. 552, 560, 51 Pac. 681; *In re Thompson's Estate,* 1 N. Y. Supp. 213; *Lippincott* v. *Pancoast,* 47 N. J. Eq. 21, 27, 20 Atl. 360.

There is no substitutionary gift over of this remainder to the grandchildren of the daughter of the testator upon her decease. Children cannot in this provision be construed to mean grandchildren. All of the parties agree in this construction. The grandchild of Mrs. Townsend, Huntington T. Day, cannot take under the will of the testator as a grandchild but must take, if at all, through the estate of his mother, Molly T. Day. If the deceased daughter leaves no child the share of the one so dying is given by the will of the testator to his or her surviving brothers and sisters and the issue of any deceased brother or sister. The contingency upon which the gift over arises is limited to the contingency that the daughter "leave no children." This never occurred as to the share of Mrs. Townsend, she having had three children, of whom one survived her. This presents the only contingency in the testator's will which will divest the gift to the children of a daughter and transfer it to others. We have then for construction a gift for life to a daughter of the testator with a gift over of the remainder to her children, one of whom deceased leaving a child, the great-grandchild of the testator. Concededly the great-grandchild cannot take the share of his mother, Mrs. Day; the questions revert, did the interest in this share vest in his mother prior to her death, and if so when, and does it now belong to her estate?

It is the claim in behalf of George H. Townsend that no estate could vest in Mrs. Day at the time of the testator's death but that it did not vest until the death of Mrs. Townsend. The testator died in October, 1864, and his daughter Mrs. Townsend in May, 1929, over

sixty years later. "The law favors vesting of estates at the earliest possible moment, . . . which is at the death of the testator." 2 Schouler on Wills, Executors & Administrators (6th Ed.) § 1258. This rule has long obtained in this jurisdiction and must prevail unless the testator has manifested a contrary intention in his will which will supersede this, as it will any other canon of construction. *Norton* v. *Mortensen,* 88 Conn. 28, 89 Atl. 882; *Meriden Trust & Safe Deposit Co.* v. *Squire,* 92 Conn. 440, 103 Atl. 269. Mr. Justice Gray, in *McArthur* v. *Scott,* 113 U. S. 340, at page 378, stated the universal rule, "that sound policy as well as practical convenience requires that titles should be vested at the earliest period, it has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event."

Search the will and the surrounding circumstances as we may we find nothing which tends to manifest an intention on the part of the testator that the remainder interest in the share of each child should be contingent in its vesting upon the future event of the death of the life tenant Mrs. Townsend.

Where the future event of the death of the life tenant is annexed to the time of payment or transfer of the remainder we have repeatedly held that the remainder gift to the children of the life tenant vests at the death of the testator or as soon as one of the children is born "unless the will expresses a contrary intent." *Belcher* v. *Phelps,* 109 Conn. 7, 144 Atl. 659. As we construe this language that is the precise situation in this case.

The remainder interest to the children of Mrs.

Townsend was a gift to a class. It vested as soon as a child was born to her, while the right of possession and enjoyment was postponed until the life tenant died. We stated our rule in *Close* v. *Benham,* 97 Conn. 102, at page 103, 115 Atl. 626, to be: "We have uniformly held that unless the will sufficiently expresses a contrary intent, a limitation over, after a life estate, to the issue of the life tenant, and, failing issue, to the heirs, or heirs at law, or to the children or grandchildren of the testator, or to children of another than the testator, are gifts to a class, and vest in point of right upon the testator's death, although their right of possession is postponed until the termination of the life estate." *Angus* v. *Noble,* 73 Conn. 56, 46 Atl. 278; *Norton* v. *Mortensen,* 88 Conn. 28, 34, 89 Atl. 205; *Jones' Appeal,* 48 Conn. 60, 67; *Farnam* v. *Farnam,* 53 Conn. 261, 278, 2 Atl. 325; *Allen* v. *Almy,* 87 Conn. 517, 89 Atl. 205; *Bartram* v. *Powell,* 88 Conn. 86, 89 Atl. 885; *Wallace* v. *Wallace,* 103 Conn. 122, 130 Atl. 168. We adopt this rule in the belief that it will best carry out the probable intention of the testator "where the will indicates no contrary intent." We find no indication in the will of the testator or in its surrounding circumstances as presented to us which evinces the testator's intent not to vest this remainder in the "respective children" of each of his daughters as a class at the time of the birth of each member of the class.

The general plan of a per stirpes gift to the testator's children and grandchildren tends to reveal the testator's intention to vest this remainder in this class of children at the birth of the first child; the class opening to let in after-born children. A gift of the remainder interest "at the death" of the life tenant as in *Johnson* v. *Edmond,* 65 Conn. 492, 33 Atl. 503, or

"upon the decease" of the life tenant as in *Austin* v. *Bristol*, 40 Conn. 120, we have held to vest at the testator's death.

Since the remainder interest of Mrs. Day in the share of which her mother had a life interest vested at her birth in her as a member of the class composed of the children of her mother, the grandchildren of the testator, it was alienable and transmissible by will or inheritance. *Allen* v. *Almy*, and *Bartram* v. *Powell*, *supra; Middletown Trust Co.* v. *Gaffey*, 96 Conn. 61, 69, 112 Atl. 689.

Counsel for George H. Townsend answer the legal proposition that the gift to the children of Mrs. Townsend was to her children as a class by the claim that members of the class who have died before the time for the enjoyment of the gift are upon death excluded from the class. The cases already cited negative this answer in case the share of Mrs. Day vested in her at her birth and the cases cited fully demonstrate this, as they do the claim that by leaving children the testator meant leaving children living at the death of each daughter. Equality among the testator's children and among their children is the keynote of his gift of the remainder of his estate. It is true the will does not go further and provide for the great-grandchildren of the testator. However, the reading of this will leaves no uncertainty as to the testator's intent. His purpose is nowhere expressed that he intended to exclude his great-grandchildren from sharing in his estate. Yet this is what will happen if this will be construed to give George H. Townsend the whole of the share in which his mother had a life interest to the exclusion of Mrs. Day's estate and presumptively, ultimately, of the testator's great-grandchild, the only son and child of Mrs. Day. A construction of this will

effecting this result, to that extent, would defeat the testator's plan of a per stirpes equality. The construction we adopt accords with the testator's intent as revealed in the plan of his will.

Thus far we have discussed and answered the first series of questions, (a), (b), (c) and (d).

The second series of questions, (e), (f), (g) and (h), call for a construction of this will as to the disposition of the share of a daughter who may die without leaving children. That contingency has not yet arisen. It is our rule not to construe possible questions which may arise under a will but to leave these until they do arise. Neither the fact that counsel for all the parties are in substantial accord as to the answers to these questions, nor the claimed effect of their answer upon the necessity for a present answer to them, affords a sufficient reason for an exception to our rule.

It must follow that Winston Trowbridge Townsend's remainder interest in the share in which his mother had a life interest vested in him at his birth and was not divested by his death preceding that of his mother and upon her death became a part of his estate.

Our conclusion is that Huntington T. Day as administrator of Molly T. Day, Stanley Daggett as administrator of the estate of Winston T. Townsend and George H. Townsend are each entitled to one-third of the share of which Mary L. Townsend had the life use, and that Huntington T. Day as administrator of the estate of Molly T. Day and George H. Townsend as next of kin of Winston T. Townsend, will be entitled, in equal shares, to the one-third interest of Winston T. Townsend upon the settlement of his estate.

We answer question (a), one-third each to George H. Townsend, the estate of Molly T. Day, and the

estate of Winston T. Townsend. (b) Yes. (c) No; it was a transmissible interest. (d) No.

No costs to be taxed to any party in this court.

In this opinion the other judges concurred.