[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an order of the Probate Court of Hartford dated March 28, 1990 regarding the ascertainment of the distributees of the Francis Daly trust. On April 27, 1990 Michael J. Rizzo, the executor of the will of Francis Daly ("appellant") filed a motion for appeal from the order of the Probate Court pursuant to Section 45-288 of the General Statutes (now Sec.45a-186).
The parties have filed a stipulation of facts dated January 9, 1991 which states the following. Brigid Daly ("the testatrix") left a will dated January 6, 1972.
The third article of the will provides for a trust to be established for the testatrix's son, Francis Daly, whereby the trustee would pay Two Hundred Dollars ($200.00) per month to him. The third article further provides:
"To pay over the principal of said Trust estate to my said son, when he reaches the age of sixty (60)."
"In the event that my said son Francis Daly dies at any time before the final distribution of said Trust estate, then the entire, rest, residue and remainder of said Trust estate shall be distributed by my Trust to Mrs. John Donoghue, 3 Renard Road, Cahicereen, Killarney, County Kerry, Ireland, and Mrs. Eileen Lynch, Lulling, Ahatubrid Road, Killarney, County Kerry, Ireland, to be theirs absolutely to share and share alike and said Trust is terminated."
The testatrix died testate on November 8, 1976. Mrs. John Donoghue (aka Nora O'Donoghue) died on May 7, 1987. Francis Daly died on October 8, 1987 at the age of fifty-eight. Mrs. Eileen Lynch survived both Francis Daly and Mrs. John Donoghue.
On March 28, 1990 the Probate Court of Hartford ordered that the trust be terminated and that the distributees of the rest, residue and remainder of the trust are Eileen Lynch and Nora O'Donoghue.
The appellant contends that because Mrs. John Donoghue predeceased Francis Daly, Mrs. John Donoghue's interest never vested but instead remained in the estate of Francis Daly. CT Page 3060
The appellant argues "Mrs. Donoghue's interest was dependent upon some future event, the death of Francis Daly. Until that event could occur, no estate would vest under the devise." (Appellant's Memorandum at p. 6).
The appellee, on the other hand, contends that Mrs. John Donoghue's interest in the trust vested at the date of the testatrix's death and therefore became an asset of her estate. (Appellee's Memorandum at p. 6).
"The law favors the vesting of estates and, unless a contrary intent appears, gifts will be construed to take effect in point of right at the death of the testator, though their enjoyment be postponed to a future time by the interposition of a life estate of otherwise." Mead v. Close, 115 Conn. 443, 445 (1932); see also Hartford National Bank Trust Co. v. Birge, 159 Conn. 35, 41
(1970).
The principle has also been stated as follows. "Upon the death of one in whose favor (a contingent remainder or an executory devise) may have been created, although the contingency has not occurred on which his right to ultimate enjoyment may depend, it will form part of his estate, unless his survival until the termination of the prior estate is a condition of his taking any benefit from it, and a condition precedent." Ingersoll v. Ingersoll, 77 Conn. 408, 410 (1904).
In the case at hand, the testatrix provided in her will that a trust be established for the purpose of paying Two Hundred Dollars ($200.00) per month for her son, and to pay the principal of said trust to him when he reaches the age of sixty. The will further provides;
"In the event that my son Francis Daly dies at any time before the final distribution of said trust estate, then the entire, rest, residue and remainder of said trust estate shall be distributed by my trust to Mrs. John Donoghue . . . and Eileen Lynch . . . to be theirs absolutely to share and share alike and said trust is terminated."
Under the terms of the will in this case, Francis Daly did not fulfill the condition of reaching age sixty which was required in order for him to receive the principal of the trust. The remainder of the trust estate therefore passed to Mrs. John Donoghue and Eillen Lynch. Under the terms of the will, the fact that Mrs. John Donoghue died CT Page 3061 on May 7, 1987 thereby predeceasing Francis Daly does not destroy her estate's remainder interest in the trust because the will did not provide as a condition that Mrs. John Donoghue survive Francis Daly. Mrs. John Donoghue's remainder interest in the trust vested in her estate of the time of the testatrix' death. See Ingersoll supra at 410.
The order of the Probate Court is affirmed.
CHARLES D. GILL, JUDGE