[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 16288
This matter comes before the court post judgment. At the close of the hearing on a Motion for Modification, with the permission of the court, the defendant filed a Motion for Attorneys Fees dated September 7, 2000. After two postponements, the motion was argued by counsel on December 12, 2000. The issue to be decided is whether or not to award attorneys fees to the defendant under the facts and circumstances as presented to the court during the original hearing, as well as the present circumstances, in particular, the financial wherewithal of the respective parties. The defendant has asked the court to take into consideration the lack of good faith dealing by the plaintiff as found by the court in the original hearing. The plaintiff, on the other hand, urges the court to consider the defendant's earning capacity, as well as the effect of the court's financial orders dated August 30, 2000, upon the plaintiff.
 LAW 
An award of attorneys' fees is within the discretion of the court. Unless the parties have provided otherwise by agreement, the court must consider the respective financial positions of the parties as set forth in Sections 46b-62 and 46b-82 of the Connecticut General Statutes.Caracansi v. Caracansi, 4 Conn. 645, 650-51 (1985). In the instant case, there is a substantial disparity between the parties in the area of their incomes. However, while the court feels that a larger award could be justified on that basis alone, it has taken into consideration its previous financial orders regarding the implementation of the modified visitation schedule, and it feels that to go further could well have the effect of undermining the ability of the plaintiff to comply. Fitzgeraldv. Fitzgerald, 190 Conn. 26, 33-35 (1983); Costa v. Costa, 57 Conn. 165,171 (2000).
 FINDINGS 
The Court, having heard the oral argument of counsel, and having reviewed the file and considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-62 and 46b-82 of the Connecticut General Statutes, hereby makes the following findings: CT Page 16289
 1. That in connection with this matter, the defendant incurred attorneys' fees in the amount of $15,224.00 and costs in the amount of $993.00, and that the defendant had paid a retainer in the amount of $2,500.00, leaving a balance due and owing in the amount of $13,717.00 per the affidavit of counsel dated September 7, 2000.
2. That said fees and costs are fair and reasonable.
 3. That there is a substantial disparity between the respective financial positions of the respective parties in favor of the plaintiff.
 4. That it would be equitable and appropriate under all the circumstances that the plaintiff pay a portion of the defendant's legal expenses.
 ORDER 
The plaintiff shall pay to the defendant the sum of $7500.00 as and for a contribution toward his outstanding attorneys fees and costs, as follows:
 A. The sum of $2500.00 within two (2) weeks from the date of this Memorandum of Decision; and
 B. Commencing February 1, 2001, and monthly thereafter, the sum of $500.00 until the balance shall be paid in full.
THE COURT
SHAY, J.